COMMONWEALTH *vs.* EDWARD SLATTERY.

Hampshire.    September 18, 1888. — October 17, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Rape — Condonation of Offence — Verdict in Writing.*

At the trial of an indictment for rape, the presiding judge refused to instruct the jury, that, if the woman after the alleged offence excused or forgave the defendant, he could not be convicted. *Held,* that the request was rightly refused.

The presiding judge instructed the jury to reduce their verdict to writing, and sign it by their foreman, and to bring it with the indictment in a sealed envelope

into court the next morning. At that time they brought in the indictment in an unsealed envelope, with a verdict of " guilty " written upon it, and presented it to the court as the verdict agreed upon and signed before the jury separated the evening before. The jury, to a question by the clerk whether the defendant was " guilty or not guilty," replied " guilty," and the verdict was affirmed, received, and recorded. *Held*, that it sufficiently appeared that the jury agreed before they separated upon the verdict which they returned.

INDICTMENT for rape on Bridget Donovan. At the trial in the Superior Court, before *Dunbar*, J., it appeared in evidence that the defendant, as he was riding in a carriage, overtook Bridget Donovan on the street, as she was returning home from her work, and invited her to ride to her home; and that upon a pretext he drove into some woods, dragged her from the carriage, and had sexual intercourse with her. It also appeared in evidence, uncontradicted, that after the act the woman, upon being told by the defendant to enter the carriage again, did so, and rode to her house with him; that they conversed together on the way to her home; that on reaching her house he stopped the horse, alighted from the carriage, and assisted her out, and she went into her house; and that on the way from the woods to her house she made no complaint in regard to the alleged rape, but did request the defendant to marry her, and upon being met by a negative response, stated that she " would tell his folks."

The defendant asked the judge to instruct the jury, " that, if said Donovan at any time after the act excused or forgave the defendant, then she ratified the act, and he cannot be convicted in the case." The judge refused so to instruct, but instructed the jury that evidence of her acts and conversation with the defendant, both before and after the commission of the alleged offence, was a proper subject for their consideration in determining the guilt or innocence of the defendant at the time of its commission.

The judge also instructed the jury, if they agreed upon a verdict, to reduce the same to writing and sign it by their foreman, and to return the same with the indictment in a sealed envelope into the court the next morning at the reopening of the court. The jury duly retired to deliberate upon the case, and, about seven o'clock in the evening, after the adjournment of the court for the day, and under the direction of the court, separated and left the court-house. At nine o'clock the next morning the jury

reassembled and took their seats, and the clerk duly asked them if they had agreed upon a verdict. The foreman then passed an unsealed envelope to the clerk containing the indictment, upon which indictment was written the following : " Commonwealth of Massachusetts. Hampshire, ss. Superior Court, June Term, 1888. In the case of the Commonwealth against Edward Slattery on an indictment for rape, the jury say that the defendant Edward Slattery is guilty, as charged in said indictment. Wm. H. Shaw, Foreman of the Second Jury."

The foreman, in the presence of the whole jury, in reply to questions put to him by the court, against the objection of the defendant, stated that the envelope containing the indictment and verdict was not sealed before the jury separated ; that the verdict had been agreed upon, written out, and signed before such separation ; that it was, when signed, in the form in which it was presented in court, and had not been changed ; and that it had been constantly in the custody of the foreman since the separation of the jury. The clerk then asked the jury if they had agreed upon a verdict, and the foreman replied that they had. The clerk asked, " Was the defendant guilty or not guilty ? " and the jury replied, " Guilty." The verdict was affirmed in the usual manner. The court thereupon ordered that the verdict of guilty be received and recorded ; to which the defendant objected, and alleged exceptions.

*J. B. O'Donnell,* for the defendant.

*A. J. Waterman,* Attorney General. *& H. A. Wyman,* Second Assistant Attorney General, for the Commonwealth.

W. ALLEN, J. The court rightly refused to give the instructions requested. The injured party could not condone the crime by excusing or forgiving the criminal.

In civil cases, and in criminal cases not capital, the court can permit a jury, after they have agreed upon their verdict, to separate before rendering the verdict in court. In civil cases, the verdict being in writing, is made before the jury separate, and afterwards affirmed by them in court ; in criminal cases, the verdict must be rendered orally in court, but it must appear to be the verdict which the jury had agreed upon before they separated. The usual practice is to instruct the jury to bring in a sealed verdict, which is opened and read by the clerk in

open court, after which, in civil cases, the written verdict is filed and affirmed by the jury, and in criminal cases an oral verdict is taken in the usual form. The purpose of the written statement in criminal cases is to make it plain that the verdict rendered is the one which the jury had agreed to render before they separated, and the purpose of directing it to be sealed up and delivered unopened to the court is to identify the writing. *Commonwealth* v. *Carrington*, 116 Mass. 37. *Commonwealth* v. *Tobin*, 125 Mass. 203. *Commonwealth* v. *Costello*, 128 Mass. 88. *Commonwealth* v. *Walsh*, 132 Mass. 8.

In the case at bar, the jury were instructed to reduce their verdict to writing, and to sign it by their foreman, and to bring it with the indictment in a sealed envelope into court the next morning. Instead of bringing into court a verdict on a separate piece of paper enclosed with the indictment in a sealed envelope, they brought in the indictment with the verdict written upon it in an unsealed envelope. The instruction to seal up the envelope was not a condition upon which the jury were authorized to separate, but a direction as to the manner of preserving the papers and the evidence of their doings, a literal compliance with which was not necessary to give the court jurisdiction to receive the verdict. The question was not whether the jury had in every particular precisely followed the instructions given to them, but whether the paper handed by them to the court sufficiently identified itself as the paper signed by the foreman before the jury separated. The writing upon the indictment handed in by the jury in an unsealed envelope would identify itself as surely as a writing upon a separate piece of paper in a sealed envelope. The writing was presented by the jury to the court as the verdict agreed upon and signed before the jury separated, and the fact that it was written upon the indictment was sufficient to identify it. We need not consider whether it would have been sufficient had the writing been separate from the indictment, nor whether, if unsufficient, it could have been aided by verbal statements of the jurors.

*Exceptions overruled.*