STATE OF MINNESOTA *vs.* JAMES BAGAN.

July 17, 1889.

**Indictment for Rape—Conviction for Assault.**—On an indictment for rape by overcoming the resistance of the female by force, it is not error to instruct the jury that if they are satisfied beyond a reasonable doubt that the defendant committed an assault upon the woman with intent to commit rape, they may convict of an assault in the second degree.

**Same—Conviction although Woman Finally Consented.**—If a man assault a woman with intent to have intercourse with her by force and against her will, notwithstanding her utmost resistance, the crime of assault with intent to commit rape is complete; and if the jury are satisfied of this fact they may convict of such assault, although they are not satisfied that the subsequent resistance on the part of the woman was so continued and persistent as to prove guilt of the higher crime of rape.

**New Trial—Accident and Surprise.**—*Held, also,* that there was no error in this case in refusing a new trial on the ground of "accident and surprise."

Appeal by defendant from an order of the district court for Brown county, *Webber,* J., presiding, refusing a new trial.

*J. M. Thompson* and *M. C. Robertson,* for appellant.

*Moses E. Clapp,* Attorney General, and *George W. Somerville,* for the State.

MITCHELL, J.    The defendant was indicted and tried for the crime of rape, committed by forcibly overcoming the resistance of the female.    The jury found him not guilty of the offence charged, but guilty of an assault in the second degree, which, as applied to the evidence and charge of the court in this case, is an assault with intent to commit a felony, to wit, rape.    Penal Code, § 187, subd. 5.

1. On the trial the prosecutrix positively identified the defendant as the person who entered her house in the night and committed the crime; and one Jacobson, a witness for the state, testified to meeting the defendant on the street in the village of Springfield, between 1 and 2 o'clock on the night of July 24, 1888,—the time and place of the commission of the crime.    A motion for a new trial was made

on the ground, among others, of "accident and surprise," and in support of the motion two affidavits were presented,—one of Agnes Egan, to the effect that on the 27th of July the prosecutrix stated to her that the man who committed the crime was a strange man or a tramp, and did not intimate that she knew him or recognized him as the defendant; the other that of Tibbits and wife, who lived on a farm four and a half miles from Springfield, to the effect that Jacobson, who was their hired man, was not absent from the farm on the day or night of July 24th; that he went to bed about 9 o'clock in the evening, and did not come out of his bedroom until 5 o'clock the next morning. The facts stated in these affidavits, if proved, would merely tend to impeach the testimony of the prosecutrix and Jacobson. It would be a very exceptional case where it would be error to refuse a new trial on such a ground. *Gardner* v. *Kellogg*, 23 Minn. 463; *State* v. *Wagner*, Id. 544. But, aside from this, there was no showing of either surprise or diligence on part of defendant. For anything that appears he knew all the facts stated in both affidavits before the trial began. Indeed, it affirmatively appears that he had subpœnaed Egan as a witness, and his counsel cross-examined the prosecutrix fully as to her alleged statement to Egan. It is true that Egan swears that she was unable, on account of sickness, to attend the trial; but there is nothing to show that the defence did not know before trial of her inability to attend, or that they made any application for a continuance or postponement on that ground. Moreover, to say nothing of the small importance of the evidence of Jacobson, the affidavit of the Tibbitses was of little weight. It was made over eight months after the date of the occurrence, and they give no reason and state no circumstance that impressed upon their minds the exact whereabouts of their hired man on that particular night. Like all evidence tending to prove an *alibi*, an error of a day makes all the difference in the world. There was no error in refusing a new trial on this ground.

2. Whether the evidence showed that resistance on part of the prosecutrix was so continued and persistent as to render the defendant's act rape is unimportant, for the reason that the jury have acquitted him of that crime.

3. It is assigned as error that the court instructed the jury that they might find the defendant guilty of the assault in the second degree. The charge of the court on that subject (after fully and correctly defining the crime of rape, and the degree of resistance on the part of the woman necessary to render the act rape) was to the effect, if they found the defendant had intercourse with the prosecutrix, but that it was not against her will and without her consent, the jury might, if the evidence satisfied them beyond a reasonable doubt that defendant committed an assault with intent to commit rape, find him guilty of assault in the second degree. The objections urged against this instruction seem to be two: *First*, that under an indictment for rape a defendant cannot, under the Penal Code, be convicted of an assault with intent to commit rape, because the latter is not a "lesser degree" of the former; and, *second*, where the act of sexual intercourse actually takes place, and the female finally consents, or so far desists from her resistance that the act is not rape, a defendant cannot be convicted of an assault with intent to commit rape. Neither of these positions is tenable. Gen. St. 1878, *c*. 114, § 19, provides that "the defendant may be found guilty of any offence the commission of which is necessarily included in that with which he is charged in the indictment." This is but declaratory of the common law, and is not repealed by the Penal Code. *O'Connell* v. *State*, 6 Minn. 190, (279;) *State* v. *West*, 39 Minn. 321, (40 N. W. Rep. 249.) Upon the second point it is only necessary to say that subsequent yielding and consent cannot relate back and cover preceding acts. It is no legal excuse for the consummated offence of rape that the woman consented and condoned after the fact. This principle is as applicable to an assault with intent to commit rape as to the higher crime. If a man assault a woman with intention of having intercourse with her by force and against her will, notwithstanding her utmost resistance, the crime of assault with intent to commit rape is complete; and where the jury are satisfied beyond a doubt of these facts, they may convict of the assault with intent, although they are not satisfied that the subsequent resistance of the woman was so continued and persistent as to prove guilt of the higher crime. 1 Bish. Crim. Law, § 733; *State* v. *Hartigan*, 32 Vt. 607, (78 Am. Dec. 609;) *State*

v. *Cross*, 12 Iowa, 66, (79 Am. Dec. 519;) *State* v. *Atherton*, 50 Iowa, 189.

Complaint is made that the court failed to instruct the jury what would constitute an assault in the second degree under the facts in evidence in the case. It is sufficient answer to this that the court was not requested to do so, and no exception taken to his not doing it. He did instruct the jury in effect that to find the defendant guilty of that offence they must find that he assaulted the woman with intent to commit rape, also as to the amount of force necessary to constitute rape; and the intent to commit rape clearly implies an intent to use the necessary force. As the learned judge himself says, it might have been better to have expressly instructed the jury that to constitute an assault with intent to commit rape, force must have been used before consent was given or resistance desisted from. But as there was no evidence from which the jury could have found that any consent was given before the defendant used force, the charge must be construed with reference to the evidence. If defendant's counsel thought any more explicit charge on this point would be of benefit, he ought to have requested it to be given. *State* v. *Johnson*, 37 Minn. 493, (35 N. W. Rep. 373.)

There was no error in refusing to give defendant's tenth and fifteenth requests to charge. They in effect asked the court to tell the jury what weight they should give to certain evidence.

We find no error in the record, and the order must be affirmed.