COMMONWEALTH *vs.* TERRANCE F. KENNEDY.

Suffolk.     November 27, 1893. — January 3, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Boarding a Vessel in Violation of Statute.*

It is a violation of Pub. Sts. c. 69, § 5, for a person other than a pilot or public officer to board a vessel without having obtained the leave which the statute requires, without regard to the fact that permission is afterwards given to him by the captain to remain on board.

COMPLAINT, charging the defendant with violating the provisions of Pub. Sts. c. 69, § 5, by boarding a ship without obtaining leave, as therein required.*

---

* Section 5 of Pub. Sts. c. 69, is as follows :

" Any person, except a pilot or public officer, who boards or attempts to board a vessel arriving in Boston harbor, Salem harbor, Fall River harbor, or the harbor of New Bedford and Fairhaven, before such vessel has been

At the trial in the Superior Court, before *Bond*, J., there was evidence tending to show that the ship was unable to obtain a place at a wharf as desired, and was obliged to anchor in the harbor, that the captain was on board and in charge of the vessel, that the defendant was not a pilot or public officer, and that he had no written leave from any owner or agent of the vessel to go on board.

While the vessel was at anchor in the harbor, the defendant went on board, and, before doing any business, approached the captain and obtained permission from him to remain on board. The defendant contended, and asked the judge to rule, that, if the defendant boarded the vessel intending, before he engaged in any business on board, to obtain leave of the captain to remain, and he did obtain such leave before he engaged in any business on board, he was not guilty of any violation of the statute.

The judge declined so to rule, and instructed the jury that the statute required a person to obtain leave of the master or person in charge of the vessel before going on board, and that it would be a violation of the statute if the defendant boarded the vessel before it was made fast to the wharf without first obtaining leave of the master or person in charge.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*R. W. Goding*, for the defendant.

*F. E. Hurd*, First Assistant District Attorney, for the Commonwealth.

MORTON, J.  We think that the statute in question must be construed as if it read " without first having obtained leave from the master or person having charge of such vessel, or without first having obtained leave in writing from its owners or agents." Pub. Sts. c. 69, § 5.  The statute as originally enacted was intended according to its title " to protect mariners and shipowners from imposition," (St. 1857, c. 139,) and in order to do that forbade without qualification the entry upon a vessel before it was made fast to the wharf of any person except a pilot or public officer, without having obtained leave from one of the persons

made fast to the wharf, without obtaining leave from the master or person having charge of such vessel, or leave in writing from its owners or agent, shall forfeit a sum not exceeding fifty dollars for each offence."

named in the statute. The original statute was re-enacted, with slight changes in phraseology, in Gen. Sts. c. 52, §§ 22 to 29 inclusive, excepting § 26, which was a re-enactment of St. 1859, c. 235, and the provisions of the General Statutes were incorporated into Pub. Sts. c. 69, §§ 5 to 12 inclusive, excepting § 7, which was a re-enactment of St. 1874, c. 76. The offence with which the defendant is charged became complete upon his boarding the vessel without having obtained the leave which the statute required, no matter what his motive was, and without regard to the fact that permission was afterwards given him by the captain to remain on board. *Commonwealth* v. *Slattery*, 147 Mass. 423. *Commonwealth* v. *Tobin*, 108 Mass. 426. Cases may be supposed where the application of this rule would operate with harshness, but they do not justify us in departing from the words of the statute. *Exceptions overruled.*