PEOPLE v. BERNOR.

1. RAPE—AGE OF CONSENT—EVIDENCE.

The testimony of the prosecutrix upon a trial for carnally knowing a female child under the age of consent, and of her mother, that she is under 16 years of age, is sufficient to authorize the submission of that question to the jury, in the absence of any evidence to the contrary, although the mother's examination shows that she is mentally weak, and does not remember dates well.

2. SAME—PROOF OF PENETRATION—INCONSISTENT TESTIMONY.

The fact that the complaining witness, upon a prosecution for carnally knowing a female under 16 years of age, at first testified that there was no penetration, does not amount to a failure of proof, where it is evident that she did not comprehend the question, and her subsequent testimony showed penetration.

3. SAME—TRIAL—LEADING QUESTIONS—DISCRETION OF COURT.

It is discretionary with the trial court, in a prosecution for carnally knowing a female under 16 years of age, to permit the prosecuting attorney to ask leading questions upon the examination of the prosecutrix, who is mentally weak.

4. SAME—DISCLOSURE OF OCCURRENCE.
> It is competent for the mother of the prosecutrix, on a trial for carnally knowing a female under the age of consent, to testify that her daughter, upon arriving home some days after the assault, told her what had occurred.

Error to Wayne; Hosmer, J. Submitted January 28, 1898. Decided February 16, 1898.

Eli Bernor was convicted of carnally knowing a female under 16 years of age, and was sentenced to 5 years' imprisonment in the state prison at Jackson. Affirmed.

*Albert L. Widdis*, for appellant.

*Allan H. Frazer*, Prosecuting Attorney, and *Byron S. Waite*, Assistant Prosecuting Attorney, for the people.

LONG, J. The respondent was charged under Act No. 70, Pub. Acts 1895, which provides:

" "If any person shall ravish and carnally know any female of the age of sixteen years or more by force and against her will, or shall unlawfully and carnally know and abuse any female under the full age of sixteen years, he shall be punished by imprisonment in the state prison; * * * and such carnal knowledge shall be deemed complete upon proof of penetration only."

The claim of the prosecution was that on the 22d of October, 1896, the respondent had intercourse with Mary Day, a female under 16 years of age, while the parties were on their way from Wyandotte to South Rockford. The defense interposed was: (1) That the girl was not shown to be under 16 years of age; (2) that there was no sufficient proof of penetration. Some other questions are also raised, which will be considered.

1. Mary Day testified that she was 14 years of age on September 18, 1896. Her mother testified that Mary was born on September 18, 1882. But counsel contends that the mother's examination shows that she was mentally weak, and could not remember dates; that she did not re-

member her own age, and all the record she had of the age of Mary she kept in her head. Counsel argues that this testimony, coming from such a source, did not prove beyond a reasonable doubt that Mary was under 16 years of age. There is no claim that there was any testimony contradicting the girl or her mother in reference to the age. The court submitted the question to the jury to determine whether the girl was under the age of 16 years. The charge was very fair, and the rights of the respondent fully guarded.

2. The claim that there was no proof of penetration cannot be maintained. It is true that the girl testified in the first instance that there was no penetration, but it is evident that she did not comprehend the question. She afterwards testified: "He took me up in his arms, and laid me in the wagon-box, and there he done what was not right;" and she further testified to the penetration. A very learned discussion is entered into by counsel for respondent under a claim that there was no sufficient penetration shown. In *People* v. *Courier*, 79 Mich. 366, it was said:

"Perfect penetration is not now considered necessary in order to constitute the crime of rape, or carnal knowledge and abuse of a child under the age of 14 years. * * * The English and American courts hold that nothing more than *res in re* is necessary, without reference to the extent of the penetration."

But the complaining witness is sustained in her statement by the testimony of the officer who made the arrest. He testified that when the respondent was brought before the justice, and the complaint read to him, he was asked by the justice, "How do you plead to that?" and answered, "I plead guilty." The justice asked him why he pleaded guilty, when respondent admitted that he had had intercourse with the girl.

3. Complaint is made of the conduct of the assistant prosecuting attorney in the examination of the witness Mary Day. We find nothing in that examination calling

for criticism under the circumstances there shown. It is evident that the witness was not very intelligent, and counsel was compelled to ask many leading questions; but it appears that no objection was made to this mode of examination, and, if there had been, the matter was entirely within the discretion of the trial court.

4. It is contended that the court was also in error in permitting the mother of the girl to state that her daughter, upon her arrival home, some days after the assault, told her what had occurred. This is all that the record shows as to statements made by the daughter. The case is governed by *People* v. *Gage*, 62 Mich. 271 (4 Am. St. Rep. 854).

Some other questions are raised, which are not of importance to discuss. We find no error in the record. The judgment must be affirmed.

The other Justices concurred.