PEOPLE v. MARRS.

CRIMINAL LAW—CONTINUANCE—RAPE—EVIDENCE—COMPLAINTS—
CALLING WITNESSES.

* 1. Where there had been an understanding between the prose-
cuting attorney and the attorney for the respondent that the
case should be brought on for trial upon a fixed day, the
respondent was not arraigned until the day of the trial, and
his counsel had not asked for an earlier arraignment or for
the names of the witnesses, this court will not review the
action of the circuit court in refusing a continuance, in the
absence of any other showing than the statement of counsel
that they are surprised by the names of witnesses indorsed
upon the information.

2. Where the prosecution gave evidence tending to show that
the prosecutrix, 18 years of age, was mentally and physically
weak, and had never before kept company with young men;
that respondent had met her but once before, and promised
on the night of the assault to take her to her father's home,
and, when he came for her, told her that he could not take
her home, but would take her riding around the city, and
instead drove out into the country, in a lonely place, and she
testified that he assaulted her, and that she resisted until she
became exhausted, and that he then had sexual intercourse
with her,—held, that the guilt or innocence of the accused
was properly left to the jury.

3. The prosecution may show the mental and physical condition
of the prosecutrix, as bearing upon the extent of the resist-
ance the law required her to make.

4. The prosecution may show when and to whom the prose-
cutrix first made complaint of the assault, and the reason
why she did not make it earlier.

5. Parties to whom she made complaint cannot testify to the
details of the offense, made to them by the prosecutrix, except
in cases where these statements are so intimately connected
with the crime as to make them part of the res gestœ, or
where the prosecutrix is a girl of tender years.

6. Where the name of a witness was indorsed upon the informa-
tion when drawn, but crossed off before it was filed, and it

* Head-notes by GRANT, J.

appears that her testimony will be only cumulative, the prosecution is under no obligation to call such witness.

7. A conviction for assault with intent to commit the crime of rape will be upheld, though the prosecutrix afterwards yielded to sexual intercourse.

Error to Cass; Smith, J. Submitted November 16, 1900. Decided December 4, 1900.

Frank Marrs, under an information charging rape, was convicted of an assault with intent to commit the crime, and sentenced to imprisonment for three years in the State house of correction at Ionia. Reversed.

*Charles E. Sweet,* for appellant.

*Cassius M. Eby,* Prosecuting Attorney, for the people.

GRANT, J. 1. The refusal to continue the case over the term is assigned as error. The alleged crime was committed on the 19th day of August, 1899. Complaint was made upon the 28th day of August, examination had on the 5th day of September, and respondent bound over to the circuit court for trial. Seven witnesses were indorsed upon the information,—the complaining witness, her father, mother, and sister, two physicians, and a Mrs. Kibler. Mrs. Kibler was called to testify to the mental condition of the prosecutrix. She gave no other testimony. Respondent was not arraigned on the first day of the term, but was arraigned upon the day the case was tried, and just as it was called for trial. There had been an understanding between the prosecuting attorney and counsel for respondent that the case should be tried upon that day. Counsel did not ask to have the prisoner arraigned before, so that they might know who the witnesses were; neither did they ask the prosecuting attorney for the names of the witnesses. They had evidently made preparations for the trial; for, in answer to such inquiry by the court, the attorney for respondent said that some of their witnesses were present. The sole ground upon

which the application for continuance was based was that there were names upon the information which counsel had not anticipated would be there, and that they had not known who the witnesses would be, except those that were mentioned in the testimony taken upon the examination. The testimony of the prosecutrix upon the examination is in the record. Whether that was the sole testimony produced, the record does not show. In her testimony she mentions Mrs. Somers (the woman with whom she was working as a domestic at the time), Dr. McCutcheon, and her mother. No affidavits for a continuance were presented, nor did counsel ask time to file any. We think the question of a continuance was addressed to the sound discretion of the court, with which we will not interfere. All the testimony is printed in the record, and a careful examination fails to convince us that respondent was prejudiced by the speedy trial.

2. Counsel alleges as error that the court refused to direct a verdict for the respondent. The evidence on the part of the people tended to show that the prosecutrix was 18 years old, and mentally and physically weak; that she had never before kept company with young men; that respondent had met her but once before; that he came that night under a promise to take her to her father's home; that she had a bundle done up to take home with her; that respondent told her that he could not take her home that night, but would take her out riding that evening, around the town, but instead drove a long way out of the city, into the country, and assaulted her in the buggy; that she made such resistance as she could, but finally became exhausted, when he accomplished his object. He testified that he took her out riding a week before, and took improper liberties with her then, and sought to have intercourse with her, but she refused. These statements are denied by her. He then testified that the act of intercourse was entirely voluntary upon her part. It is unnecessary to state further the disgusting details. It is not at all surprising that a jury would place but little con-

fidence in the testimony of the respondent, whose own testimony showed him to have no regard for the honor or virtue of woman. We think the case was one for the jury.

3. It was competent for the prosecution to show the mental and physical condition of the prosecutrix, as bearing upon the extent of the resistance the law required her to make.

4. The prosecutrix's home was about 10 miles from the house of Mrs. Somers, for whom she worked. She did not return to Mrs. Somers' the night of the assault until very late, and the family had retired. She made no complaint to Mrs. Somers. Her sister Maud came to see her the following Thursday. To her she told what had occurred. Her mother came the next day, and she made complaint to her, and to her father the following Saturday. She made these complaints immediately upon seeing these members of her own family. It is a strong circumstance against a woman that she made no immediate complaint. It was competent for the people to show when she did make complaint, and the reason why she had not made it before. It was for the jury to consider this evidence in determining what credit they would give to her story. *Turner* v. *People*, 33 Mich. 363, 383; *People* v. *Gage*, 62 Mich. 271 (28 N. W. 835, 4 Am. St. Rep. 854); *People* v. *Ezzo*, 104 Mich. 341 (62 N. W. 407); *People* v. *Bernor*, 115 Mich. 692 (74 N. W. 184); Underh. Cr. Ev. § 409.

5. The witnesses were allowed to detail the statements made by the prosecutrix to them in regard to the commission of the offense. It is the well-established rule that the people may show when, where, and to whom the prosecutrix made complaint. The details of her statement are not admissible, except as they are brought out on cross-examination. Underh. Cr. Ev. § 409, and authorities there cited. If the statements are so intimately connected with the time and place of the crime as to be a part of the *res gestæ*, they are then admissible. The only

other exception to the rule is in the case where the victim is a girl of tender years. *People* v. *Gage, supra; Hannon* v. *State,* 70 Wis. 448 (36 N. W. 1). The complaint by the prosecutrix in this case was too remote to form a part of the *res gestœ.* Neither did she come within the other exception to the rule. She was not of such weak mind as to bring the case without the rule. It was therefore error to permit her father, mother, and sister to state the circumstances of the commission of the crime as detailed to them by her.

6. Upon drawing the information the prosecuting attorney placed upon it the name of Mrs. Somers, but before filing it he crossed her name off, for the reason that he did not consider her an important witness, and she was too ill to attend. Counsel for respondent insists that this was error, and that she should have been produced. It appeared then, and appeared upon the trial, that the only points on which Mrs. Somers' testimony was required were (1) that the prosecutrix made no complaint to her; and (2) that she might testify as to her physical and mental condition. It was admitted that she did not make complaint to Mrs. Somers, and therefore further testimony on this point was unnecessary. The only other point upon which she could testify was her physical and mental condition. This would be merely cumulative, and the people would be under no obligation to call her. She was not a *res gestœ* witness. Her name was not upon the information when filed, and no error was committed in the refusal to produce her.

7. The most important and difficult question arises upon the following instruction :

" The respondent may be convicted of an assault with intent to commit the crime of rape, although the jury may find that the complainant did not resist to the extent necessary to render the offense rape, provided they find that he assaulted the complainant with intent to have intercourse with her against her will, by using whatever force might be necessary to overcome whatever resistance she made; and the fact that the respondent had inter-

course with complainant, if you find that he did have, would not be in the way of a verdict of assault with intent to commit rape."

The question presented is this: May a respondent be convicted of an assault with intent to commit rape, where the act of sexual intercourse was afterwards committed by consent, or failure to make the resistance which the law requires? Consent, or failure to use the proper resistance, at any time before the act of intercourse has actually occurred, precludes conviction for rape. Condonation never excuses or forgives the criminal act, and affords no defense to the criminal. *Com.* v. *Slattery*, 147 Mass. 423 (18 N. E. 399). Where the prosecutrix first objected and afterwards consented, the prisoner was convicted of assault. *Reg.* v. *Hallett*, 9 Car. & P. 748. Where the resistance was not such as to constitute the crime of rape, it was held that the respondent might be convicted of assault with intent to commit the crime. *State* v. *Bagan*, 41 Minn. 285 (43 N. W. 5). It was also held that a subsequent yielding and consent to sexual intercourse do not relate back and cover the assault with intent to commit the crime. *State* v. *Hartigan*, 32 Vt. 607 (78 Am. Dec. 609). Under a charge of the crime of rape, though the court might have inclined to the opinion that the testimony was not sufficient to convict of that crime, the court say:

"We easily arrive at a different conclusion when the jury have only found the *assault with intent*, etc. Of course, if there was consent on the part of the prosecutrix, there could be no such violence, in legal contemplation, as to render the prisoner guilty; for, if the liberties were taken with her consent, there could be no rape, nor yet an assault with that intent. But where the assault is made by the prisoner with the intent to commit the offense, and this is clearly shown, the jury might convict, though not satisfied that at the time he consummated his purpose there was such want of consent as to constitute the higher crime. It is true that the jury must be satisfied, before they could convict for the assault, that the prisoner intended to gratify his passions on the person of

the prosecutrix at all events, and notwithstanding any resistance on her part; and yet this might be done, though they were not satisfied that the resistance on her part was so continued and persistent as to prove guilt of the higher crime, when he succeeds in having carnal knowledge." *State* v. *Cross*, 12 Iowa, 66, 68, 69 (79 Am. Dec. 519).

That case is cited with approval, under a similar state of facts, in *State* v. *Atherton*, 50 Iowa, 189 (32 Am. Rep. 134).

Bishop says:

"If, after the assault, and before penetration, the woman yields her consent, the offense of assault with intent to ravish is committed; for the consent does not undo what was done before." 1 Bish. New Cr. Law, § 766.

The theory of these cases appears to be that the assaulter of female virtue cannot defend himself from an actual assault with intent to accomplish his object by force, by showing that he subsequently obtained the assent of his victim, or that she did not continue that resistance which is essential to a conviction. We think this is a salutary doctrine, and well supported by the authorities.

Conviction reversed, and new trial ordered.

The other Justices concurred.