JOHN GADSDEN, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

## Opinion filed May 12, 1919.

1. Where there is ample competent evidence in the record of all the facts legally essential to support the verdict and the trial court upon a motion for a new trial upon the grounds that the verdict is not sustained by the evidence has refused to grant such motion and it does not affirmatively appear that the jury was influenced by considerations outside the evidence this court, in reviewing such ruling, will not disturb it.

2. It is well settled that charges to the jury must be based upon facts in proof and must be applicable to such facts.

3. For the purpose of determining whether a charge on a given subject  is infected with error the whole of the charge on the subject and not portions of it only, should be considered, and when considering the charge as a whole it is free from error, technical error in isolated portions of it when considered alone, will not be held reversible error.

A Writ of Error to the Circuit Court for Osceola County; J. W· Perkins, Judge.

Judgment affirmed.

*Johnston & Garrett, for Plaintiff in Error;*

*Van C. Swearingen, Attorney General,* and *W. W. Trammell, Assistant,* for the State.

WEST J.—The plaintif in error, referred to herein as the defendant, was indicted in the Circuit Court of Osceola County upon a charge of assault with intent to rape.

Upon a trial of said charge he was convicted and sentenced to a term of two years at hard labor in the State Prison. From this judgment writ of error was taken.

The questions raised are presented upon the assignment of error challenging the correctness of the order of the trial court denying defendant's motion for a new trial.

The first contention is that the verdict is contrary to the law and to the evidence. The person alleged to have been asaulted, a girl thirteen years of age, testified directly and positively to all the facts essential and necessary to constitute the offense. In many respects her evidence was corroborated by the evidence of other witnesses· The identity of the defendant, and that he was present at the time and place of the commission of the alleged offense, is admitted. The defendant denies having committed the offense, but the jury whose province it was to pass upon the questions of the credibility of the witnesses, and the weight of the evidence accepted the State's theory and found him guilty as charged. The trial Judge refused to set the verdict aside. There is ample competent evidence in the record of all the facts legally essential to support the verdict and we will not disturb it. Wallace v. State, 76 Fla. 175, 79 South. Rep. 634; Messer. v. State, 75 Fla. 619, 78 South. Rep. 680; McCoy v. State, 75 Fla. 294, 78 South. Rep. 168; Herndon v. State, 73 Fla. 451, 74 South. Rep. 511.

The contention is also made that the trial court erred in refusing to give instructions requested on behalf of the defendant, to the effect that if the person alleged to have been assaulted, although first offering resistance, later submitted and did not use physical force to resist the as-

sault, and was not overcome by fear, the defendant should be found not guilty. It is not necessary that we pass upon this question because there is no proper basis in the evidence for the requested instructions. There is no evidence to the effect that the girl alleged to have been assaulted at first resisted the assault, but later and before it was consummated consented. On the contrary, she testified that she resisted until she was released by the defendant; that she made no outcry because she was frightened, the defendant having threatened to kill her if she did, and that immediately after being released by him she ran out of the house and told the first person she met of what had occured. To have given the instructions requested would have tended to mislead the jury and induce them to suppose that such a state of facts, in the mind of the court, was possible under the evidence and might be considered by them, whereas in fact, no such state of facts was shown by the evidence to exist. 14 R. C. L. 876; Davis v. State, 66 Fla. 349, 63 South. Rep. 847; Settles v. State, 75 Fla. 296, 78 South. Rep. 287; Milligan v. State, 75 Fla. 815, 78 South. Rep. 535; Ward v. State, 75 Fla. 756, 79 South. Rep. 699.

We may say, however, in reply to this contention, that in cases of assault with intent to rape, the rule seems to be, that if the woman resists for a time, but finally consents, the man may be convicted of the offense charged upon the theory that subsequent yielding and consent can not relate back and cover preceding acts. 1 Bishop's New Crim. Law, §§733, 766; Wharton's Crim. Law, §750; 33 Cyc. 1434; People v. Marrs, 125 Mich. 376, 84 N. W. Rep. 284; State v. Bagan, 41 Minn. 285, 43 N· W. Rep. 5. Bishop says: "If after the assault, and before penetration, the woman yields her consent, the offense of the assault

with intent to ravish is committed; for the consent does not undo what was done before." 1 Bishop's New Crim. Law, 766.

The Supreme Cout of Minnesota in the case of State v. Bagan, *supra,* in dealing with this question, said: "If a man assault a woman with intention of having intercourse with her by force and against her will, notwithstanding her utmost resistance, the crime of assault with intent to commit rape is complete; and where the jury are satisfied beyond a doubt of these facts, they may convict of the assault with intent, although they are not satisfied that the subsequent resistance of the woman was so continued and persistent as to prove guilt of the higher crime."

After referring to several authorities on this subject, the Supreme Court of Michigan in the case of People v. Marrs, *supra,* said: "The theory of these cases appears to be that the assaulter of female virtue cannot defend himself from an actual assault with intent to accomplish his object by force, by showing that he subsequently obtained the assent of his victim, or that she did not continue that resistance which is essential to a conviction."

One of the grounds of a motion for a new trial questions the correctness of a paragraph of a general charge to the jury but, considering the whole charge, there was no reversible error in the portion questioned.

It is argued in the brief that the court erred in sustaining an objection made by the State attorney to a certain question propounded by counsel for defendant to a witness called in his behalf. No exception was taken to this ruling and it can not therefore be considered. This disposes of all the questions presented.

The judgment will be affirmed·

TAYLOR, ELLIS AND WHITFIELD, J. J. concur.

BROWNE. C. J. concurring.—I concur in the conclusion, but dissent from that part of the opinion that lays down the rule that if a woman resist an assault for a time, but finally consents (but not from fear or inability to resist further), to have sexual intercourse with her alleged assailant, he may be convicted of assault with intent to commit rape. Such a rule would place at the mercy of ' his paramour any man who aroused her latent passion by an access of ardor or violent amatory embraces so that she became his willing partner in the enjoyment of their elemental desire.

Notwithstanding what other courts have said on this subject, the rule sought to be laid down in this case seems to be at variance with the doctrine announced by this court in the case of Hunter v. State, 29 Fla. 486, 10 South. Rep. 730, that "the gravaman of the offense in an indictment charging an assault with intent to rape is the *intent* with which the assault is made.  * * *  The intent in such cases must be shown by the State to have so possessed the acused that his determination was to consummate the rape regardless of resistance and want of consent·".

In that case this court held that it was error to refuse to give this instruction: "If the jury has a reasonable doubt as to whether the defendant was at the time he put his hands upon the prosecutrix tying to get her consent to an improper intercourse, or commit the cime of rape, they should give him the benefit of the doubt and acquit him."

Even if the rule injected into this case were a safe and sound one, I would feel obliged to dissent, as there is nothing in the record to warrant it. It was uncontrovertably proven that these parties did not have sexual intercourse with each other, and it is not contended that she finally consented.     It is *obiter dicta* of the strongest character, unwarranted and uncalled for by proven facts.

It fits admirably in a moral essay, but not in a judicial deliverance on the where theer is nothing in the record upon which it can be predicated.