PEOPLE *v*. WOJT.

1. RAPE—EVIDENCE—WEIGHT OF EVIDENCE—NEW TRIAL.
   In a prosecution for rape, where defendant was convicted of assault with intent to commit rape, his motion for a new trial on the grounds that the verdict was contrary to the overwhelming weight of the evidence, that the jury failed to follow the court's instructions as to the minor offense, and in disregarding a warning against bringing in a compromise verdict, was properly denied, upon the record.

2. SAME—ASSAULT WITH INTENT TO COMMIT RAPE.
   A conviction of assault with intent to commit rape was justified where it was proven that defendant had in the first instance committed an assault with intent to commit rape, even though the resistance or reluctance of the female was finally overcome without the exercise of that degree of force or threats requisite to constitute the crime of rape.

3. CRIMINAL LAW—TRIAL—CROSS-EXAMINATION.
   Defendant's contention that he was not allowed to cross-examine one of the people's witnesses in regard to the contents of a writing purporting to be a transcript of an interview between the witness and the prosecuting attorney, which was received in evidence, *held*, not sustained by the record.

Error to recorder's court of Detroit; Kilpatrick (Arthur W.), J.     Submitted January 12, 1928. (Docket No. 127.)     Decided February 14, 1928.

Floyd Wojt was convicted of an assault with intent to commit rape, and sentenced to imprisonment for not less than 2 nor more than 10 years in the State prison at Jackson.     Affirmed.

[1]Rape, 33 Cyc. p. 1493; [2]Id., 33 Cyc. p. 1434; [3]Criminal Law, 17 C. J. § 3560.

*Ellery C. Pengra,* for appellant.

*William W. Potter,* Attorney General, *Robert M. Toms,* Prosecuting Attorney, and *Oscar A. Kaufman,* Assistant Prosecuting Attorney, for the people.

NORTH, J.    The defendant herein was charged with having committed rape.    He was convicted of an assault with intent to commit the crime of rape.    His case is in this court by writ of error.    The defendant admitted the act of sexual intercourse, but asserts that it was accomplished with the consent of the female. A detailed recital of the assault alleged to have been committed by the defendant and of the final accomplishment of his licentious purpose might add to the volume of salacious legal literature, but it would be a poor service to public morals and it is deemed unnecessary in this case.

There are two assignments of error.    The first is that the trial judge wrongfully denied defendant's motion for a new trial.    The reasons assigned in support of this motion are as follows:

"(1) Because the verdict of the jury was contrary to the overwhelming weight of evidence.

"(2) Because the jury failed to follow the instructions of the court when he charged them as to the minor offense of rape, and disregarded his warning not to bring in a compromise verdict.

"(3) Because the jury under the evidence offered could only bring in one of two verdicts, viz., guilty of rape or not guilty of rape, and there was no testimony on which to base their verdict of assault with intent to rape."

The two reasons first above given are not sustained by the record.    As to the third reason, it may be said there is ample proof of the fact that the defendant assaulted his victim with an intent to rape her; that he was temporarily interrupted in his attempt by the approach of other people; that he thereafter

renewed the assault and finally accomplished his purpose. It would not constitute a defense even though the resistance or reluctance of the female was finally overcome without the degree of force or threats requisite to constitute the crime of rape, providing it was proven that the defendant had in the first instance committed an assault with intent to rape. The motion for a new trial was properly denied.

The second assignment of error concerns defendant's contention that he was not allowed to cross-examine the people's witness, Otto Smith, relative to the contents of a writing which purported to have been a transcript of an interview between the witness and the prosecuting attorney. By consent of counsel the entire statement was received in evidence; and the trial judge said "If parts are read, all may be read by either counsel as deemed necessary." Later the trial judge stated to defendant's counsel: "You may ask him if he was asked these questions and answers." While there was some colloquy between counsel as to what record might be made relative to this statement, nowhere does it appear that the court limited the cross-examination of the witness Smith in relation thereto. This assignment of error is also without merit.

The judgment of the lower court is affirmed.

FELLOWS, WIEST, CLARK, MCDONALD, and SHARPE, JJ., concurred. FLANNIGAN, C. J., did not sit.

The late Justice BIRD took no part in this decision.