73 So.2d 773

## DUCKETT v. STATE.

7 Div. 298.

Court of Appeals of Alabama.

June 15, 1954.

Rehearing Denied June 29, 1954.

Joe C. Kellett, Fort Payne, for appellant.

Si Garrett, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

Under an indictment charging him with the offense of rape the defendant was convicted of assault with intent to rape, and sentenced to two years imprisonment in the penitentiary.

The prosecutrix testified that during an automobile ride with defendant and another man the car was caused to stop at an obstruction in the road. She begged to be taken home but her request was refused. Defendant grabbed her and attempted to pull up her dress; she ran but he caught her and grabbed hold of her arms. She struggled, cried out and hit the defendant. He then said he would take her home and they walked back to the car. Shortly thereafter the car was stopped a second time. Defendant again tried to pull up her dress and she ran from him but this time he caught her and accomplished his purpose by force.

Defendant admitted he had sexual intercourse with prosecutrix but stated it was with her full consent and that he never chased after her or used force of any kind.

Defendant insists the trial court wrongfully denied his motion for a new trial on the grounds that the verdict of assault with intent to rape is not sustained by the preponderance of the evidence and that it is contrary to the law and the facts, for the reasons that under the undisputed evidence the act of sexual intercourse was consummated and if any crime was committed it was the offense of rape and he could not be convicted of an attempt to commit a crime that had actually been committed and that the jury had brought in a compromise verdict.

"On a charge of assault with intent to commit rape, the evidence, to be suffi-

cient to justify the conviction, must show such acts and conduct on the part of the accused as would leave no reasonable doubt of his intention to gratify his lustful desire against the consent of the female and notwithstanding resistance on her part." Samuels v. State, 34 Ala.App. 13, 36 So.2d 561, 562; McCluskey v. State, 35 Ala.App. 456, 48 So.2d 68.

▮ We are of the opinion the evidence was sufficient to justify the jury in finding the defendant guilty of assault with intent to rape.

▮ As to defendant's second contention, the rule is stated by Bishop: "If after the assault, and before penetration, the woman yields her consent, the offense of assault with intent to ravish is committed; for the consent does not undo what was done before." 1 Bishop's New Crim. Law, 766. See also 75 C.J.S., Rape, § 26, p. 492, and cases cited under note 96; 52 C.J. p. 1031, Section 43, and numerous cases cited under note 76.

In People v. Wojt, 241 Mich. 597, 217 N.W. 749, defendant was charged with rape and was convicted of assault with intent to rape. The court said: "It would not constitute a defense, even though the resistance or reluctance of the female was finally overcome without the degree of force or threats requisite to constitute the crime of rape, providing it was proved that the defendant had in the first instance committed an assault with intent to rape."

After discussing several authorities on this subject the Supreme Court of Michigan in People v. Marrs, 125 Mich. 376, 84 N.W. 284, 286, said:

"The theory of these cases appears to be that the assaulter of female virtue cannot defend himself from an actual assault with intent to accomplish his object by force, by showing that he subsequently obtained the assent of his victim, or that she did not continue that resistance which is essential to a conviction."

▮ Under the facts presented it was within the province of the jury to find the defendant guilty of assault with intent to rape and to acquit him on the rape charge.

The motion for a new trial was properly denied.

Affirmed.