CARROLL, DONALD K., Chief Judge.
The appellant, convicted of the crime of receiving stolen goods, has appealed from the judgment and sentence entered by the Court of Record of Escambia County.
His principal contention on this appeal is that the trial court committed reversible error in overruling his objection to the testimony of a witness concerning portions of a statement made by one Jerry Cotita, an alleged accomplice of the defendant but not a codefendant, which portions had been directly assented to by the defendant.
The witness in question was L. W. Thompson, a special agent of the Florida Sheriff’s Bureau. He testified that at around 8:30 A.M. on April 22, 1961, in the office of the Escambia County Sheriff he interrogated the defendant, a police officer who had been picked up on suspicion of having stolen property in his possession. At this time there were in the office several radio and television sets that had come from the possession of Cotita. Thompson advised the defendant that he did not have to make any statement, that anything he said could be used against him, and that “him being a police officer and so forth he realized the seriousness of what he was under suspicion of.” Thompson also testified that on this occasion no threats were made to the defendant, no promises made to him, and no hope of reward held out to him. The defendant was then confronted with the statement taken from Cotita.
The portions of Cotita’s statement which Thompson testified were assented to by the *332 the defendant were to the effect that the stolen property had been in the defendant’s possession, that on April Sth Cotita had “received a phone call from Officer Dean Trimble that Joe Ruther had been arrested and that Joe Ruther had some items in his garage that he wanted me to dispose of for him because he couldn’t get to them, he was on duty”; that Cotita then obtained the garage key from the defendant, went to the defendant’s garage, and removed the items to his, Cotita’s house. Other evidence at the trial established that the items referred to were stolen property.
 The main basis of the defendant’s objection to this testimony of Thompson is the rule, firmly established in Florida, that the confession of a codefendant or accomplice is not admissible in evidence against a defendant. While recognizing this rule, we do not think it has any application to the situation before us on this appeal. Here Cotita’s confession as such was not received in evidence but only those portions of his statement that the defendant directly assented to. In other words, those portions obtained their verity and probity, not because Cotita said them, but because the defendant adopted them as his own. The defendant was under no compulsion to acknowledge Cotita’s statement, or any part of it, as true. It would be difficult to devise a more exact method of interrogating an accused than to read to him a statement of fact concerning the crime made by one admittedly participating therein and to ask the accused as to what parts of the statement he assents to or dissents from.
The decision of our Supreme Court that is the most helpful in the solution of the present problem is Anthony v. State, 44 Fla. 1, 32 So. 818 (1902), where a co-defendant named Moore made a statement when he and the defendant, Anthony, were before the committing magistrate. The Supreme Court upheld the admission of the testimony of a witness as to the contents of Moore’s statement, and said:
“The record before us shows that only that part of Moore’s statement that Anthony expressly assented to and stated to be correct was put in evidence against him, and we do not see what ground of complaint he has on this account. It was a statement not simply acquiesced in, but stated by him to be correct, and to this extent it was his own statement.”
The appellant contends in effect that the ruling in the Anthony case was based upon the fact that there the codefendant’s confession was made in Anthony’s presence, while here Cotita’s confession was made outside of the defendant’s presence. This, we think, is a distinction without a difference. In the Anthony case the presence of Anthony when Moore made his confession was important, for that was the manner in which the contents of Moore’s confession came to his attention, and obviously Anthony could not assent to that of which he had no knowledge. In the instant case the confession was brought to the defendant’s attention in a precise way through Thompson’s reading it to him, so it was immaterial that the defendant did not happen to be present when Cotita made his statement.
We think the essence of the Supreme Court’s holding in the Anthony case, is that, where a codefendant or accomplice makes a confession and its contents are brought to the defendant’s attention (through hearing it given or hearing it read) and the defendant states that the facts contained therein are correct, the statement is admissible because, to use the Supreme Court’s words, “to this extent it was his own statement.”
Our view of the law as set forth above is consonant with the general rule of evidence stated in 20 Am.Jur., Evidence, sec. 592, page 499: “A party may render the statements of another admissible against himself by subsequently adopting them as his own.” One of the cases cited in support of this rule is Rea v. Missouri ex rel. Hayes, 17 Wall. 532, 84 U.S. 532, 21 L.Ed. 707 (1873), in which the United States Supreme Court held that, where two persons are charged with fraud in the pur *333 chase of goods, statements made by one of them in the absence of the other, which were afterwards assented to by the latter, are competent evidence.
The other assignments of error urged by the appellant have been considered but found to be without substantial merit.
Accordingly the judgment appealed from is affirmed.
Affirmed.
STURGIS, J., concurs.
RAWLS, J., dissents.