LILES, Acting Chief Judge.
Defendant, appellant here, and one William Eugene Bolt were indicted for the crime of forcible rape. Appellant was tried separately before a jury which returned a verdict of guilty of the lesser included offense of assault with intent to commit rape. Following post-trial motions this appeal was perfected, and appellant raises three questions.
It is first contended that the trial court erred in permitting a written confession by Bolt to be admitted into evidence against Seely, the defendant. While it is true that ordinarily the confession of a co-defendant or accomplice is not admissible in evidence against a defendant, we believe this case is governed by the decision in Trimble v. State, 143 So.2d 331 (D.C.A. Fla.1962). There it was held in effect that where an accomplice makes a confession and the defendant adopts portions of that confession as his own, those portions so adopted may be admitted into evidence against the defendant.
Here it was shown that Bolt signed a confession implicating appellant which was subsequently read to appellant. Detective McMullen testified that appellant, after having been warned of his constitutional rights, stated orally that Bolt’s written statement was a correct account of what occurred on the night in question. We believe the trial judge committed no error in admitting the confession under these circumstances.
Appellant next asserts that the trial judge commented on the weight of the evidence while instructing the jury. In support of this contention appellant has lifted the alleged offending phrase from the context of the instructions, quoting it as:
“ * * * [I]t may well be that you could find from the evidence beyond and to the exclusion of every reasonable doubt that he is guilty of the crime of assault with intent to commit rape as so defined.”
When this phrase is read in context and in connection with all the instructions given the jury, it becomes abundantly clear that the above did not constitute a comment upon the sufficiency of the evidence and that no error was committed. Compare, Mendenhall v. State, 71 Fla. 552, 72 So. 202 (1916).
The final argument proposed by appellant is that the evidence is insufficient to sustain the verdict. “ * * * The gravamen of the crime of assault with intent to commit rape is that the intent of the accused was to consummate the act regardless of resistance and want of consent. * * * ” Manning v. State, 93 So.2d 716 (Fla.1957). The Manning case, supra, is similar to the instant case, and, while appellant asserts there was no evidence of the use of any unusual physical force, it is clear from the decision in Manning that such force is not a necessary element if the intent of the accused was to consummate the act regardless of resistance. Furthermore, one may be guilty of assault to commit rape even though the female who first resists subsequently gives her consent and intercourse is achieved. Gadsden v. State, 77 Fla. 627, 82 So. 50 (1919); Manning v. State, supra.
There was some conflict in testimony at the trial. The jury heard the witnesses, and it goes without saying that it is the jury’s duty to resolve the conflicts in testimony.
It is for the foregoing reasons that we affirm the judgment and sentence of the trial court.
Affirmed.
HOBSON, J., and WILLIS, ROBERT, Associate Judge, concur.