PER CURIAM.
Defendant was found guilty of robbery ■and sentenced to a term of twenty (20) years in the State Prison. When defendant was arrested he was questioned by Chief Spooner, Chief of Police in Plant 'City. The defendant was told that he did mot have to make a statement if he did not want to do so, but if he did make a statement, it could be used against him in court. ■Chief Spooner then asked the defendant ■about the charge against him. The defendant said he did not want to make any statement.
After the defendant indicated that he ■did not want to make a statement Chief Spooner had the defendant taken out of the ■room and-then interrogated Co-Defendant Hughes, who gave a statement. Thereafter, •defendant and Co-Defendant Hughes were put together, at which time the statement made by Hughes was read to both Hughes and the defendant. Chief Spooner testified that at no time did the defendant deny the contents of the statement made by Hughes. This written statement was admitted into evidence at defendant’s trial.
After Hughes’ statement had been read to Hughes and the defendant, Chief Spoon-er asked defendant why he hit the old man with the gun. Defendant informed the chief that he (defendant) did not hit Peterson with a gun, but rather, with his fist. The chief testified about defendant’s statement at the trial.
Defendant claims his constitutional rights were violated when he was questioned by the police and cites the case of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The Supreme Court held in this case that an accused must be told that he has a right to remain silent. Defendant Broome was told of this right. The Miranda case said that if an accused chooses to remain silent, the police cannot question him further. In this present appeal the defendant said that he did not want to make a statement. Under the Miranda case the defendant should not have been questioned further, but actually the defendant was interrogated after he said he wished to remain silent. Also under Miranda the defendant must be told that he can have an attorney free if he cannot afford to hire an attorney. In the present case the defendant was told he could call an attorney but was not told he could have an attorney appointed free. The above facts would be a violation of the defendant’s constitutional rights were it not for the case of Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (U.S.1966), in which the United States Supreme Court held that the rationale set forth in the Miranda case should not be applied retroactively. In the present appeal the defendant’s trial was held before the Miranda case, so the principles of that case cannot be used by the defendant in this appeal. See also Barton v. State, Fla.App.1966, 193 So.2d 618, (decided December 28, 1966, Second District Court of Appeal).
*33 The rules governing defendant’s interrogation are the rules that were applicable before the Miranda case. Here defendant was told that he could remain silent and that any statement he made could be used against him, and was also told that he could call an attorney. He was not deprived of any of his constitutional rights.
The other points raised in defendant’s brief concern the admission into evidence of a written statement made by Co-Defendant Hughes and an oral admission made by defendant himself. The general rule in Florida is that the confession of a co-defendant or accomplice is not admissible in evidence against a defendant. An exception to this exists in the situation where the defendant admits certain portions of the co-defendant’s confession. The parts of the confession to which a defendant assents can be admitted into evidence. Anthony v. State, 1902, 44 Fla. 1, 32 So. 818; Trimble v. State, Fla.App.1962, 143 So.2d 331; and Seely v. State, Fla.App.1966, 191 So.2d 78.
The case of Blanco v. State, 1942, 150 Fla. 98, 7 So.2d 333, is almost directly in point here. Blanco and his three co-defendants were all questioned in the same room. Blanco remained silent but the three co-defendants made oral confessions. After the other three left the room Blanco made an oral admission that he was in on this one job but didn’t have anything to do with any other job. On appeal the Supreme Court held that the admission into evidence of the co-defendants’ statements made in the defendant’s presence, where defendant remained silent and failed to speak or deny the statement of guilt involving him, was not error. The court also held that no error was committed when the oral admission of the defendant was admitted into evidence.
In this present appeal the defendant remained silent when Hughes’ written statement was read in the presence of both himself and Hughes. After this statement was read the defendant made an oral admission. Both the written statement and the defendant’s oral admission were used as evidence at his trial. Under the authority of Blanco v. State, supra, the trial court was not in error when it allowed these confessions to be admitted into evidence.
No error having been found in the record, the defendant’s conviction and sentence is affirmed.
Affirmed.
SHANNON, Acting C. J., and LILES and PIERCE, JJ., concur.