[No. 8222. Department One. November 15, 1909.]

THE CITY OF SEATTLE, *Respondent*, v. A. Z. ERICKSON, *Appellant*.[1]

ADULTERATION—FOOD—POSSESSION OF WATERED MILK—EVIDENCE—SUFFICIENCY. The evidence is sufficient to warrant the jury in finding that milk, taken from defendant's delivery wagon, was intended for human food, where his driver testified that he had completed his delivery, that the sample was taken from a can of sour milk which he was taking home and he had no milk in any other can, but the city inspector testified that he examined five or six cans out of 35 or 40 on the wagon and found milk in all of them, and there was other testimony that the milk taken was not sour.

SAME—WATERED MILK—EVIDENCE—SUFFICIENCY. The jury is warranted in finding that milk was watered, where two chemists who analyzed a sample found it below normal in its percentage of butter fats, and solids, one testifying that the milk was watered and the other that it was only skimmed.

CRIMINAL LAW—TRIAL—ARGUMENT—LIMITING TIME. It is not an abuse of discretion to limit the argument to fifteen minutes in a simple prosecution for the violation of a city ordinance prohibiting the possession of watered milk with intent to sell the same for human food (CHADWICK, J., dissenting).

Appeal from a judgment of the superior court for King county, Gay, J.; entered May 1, 1909, upon a trial and conviction of the violation of a city ordinance, after a trial before a jury. Affirmed.

*John E. Humphries* and *George B. Cole*, for appellant.

*Ellis DeBruler*, for respondent.

RUDKIN, C. J.—The appellant was convicted of the crime of having in his possession, custody and control, with intent

[1]Reported in 104 Pac. 1128.

to sell for human food, milk to which water had been added, contrary to an ordinance of the city of Seattle. From the judgment of conviction, this appeal is prosecuted, and two errors are assigned as grounds for reversal.

First, insufficiency of the evidence to justify the verdict and judgment; and second, error in law in limiting counsel for appellant to fifteen minutes in their argument to the jury. It is conceded that the appellant is engaged in the business of selling and delivering milk for human food in the city of Seattle, and that on the date alleged in the complaint two samples were taken from a can of milk in the possession of one of his drivers. There were but two controverted questions of fact at the trial. First, was the milk in the can from which the samples were taken intended for sale for human food; and second, was the milk watered. The testimony on these issues was very brief. The driver testified that he had completed his morning delivery at the time the samples were taken; that the samples were taken from a can of sour milk which he was taking home from a restaurant; that this was the only can in his wagon containing milk at the time, and that the milk was not intended for sale. The city inspector who took the samples testified, on the other hand, that the driver had thirty or forty cans in his wagon; that he examined five or six of these, each of which contained milk, and other testimony on the part of the city showed that the milk was not sour. In view of this testimony, the business in which the appellant was engaged, the conduct of the driver at the time the samples were taken, and all the surrounding circumstances, we think the jury were warranted in saying that the milk was intended for sale for human food.

The appellant and his employees testified that no water was added to the milk while in their possession, so that the question of whether the milk was watered depended upon the testimony of the two chemists who analyzed the samples above referred to, the one for the appellant, the other for the respondent. These two witnesses differed in their conclusions

only.   Each found substantially the same percentage of butter fat and other solids in the milk, and each testified that the milk was considerably below normal in respect to these solids.   The witness for the respondent testified that the milk was watered, while the witness for the appellant testified that it was only skimmed.   A bare statement of this testimony shows that the question at issue was for the jury.

We think, also, that a mere statement of the issues and testimony shows that the court did not abuse its discretion in limiting the time for argument before the jury.   A person accused of crime has a constitutional right to be heard by counsel, and of this right the court may not deprive him, but at the same time the power of the court to regulate the exercise of the right by reasonable rules and regulations is no longer questioned.   "In the absence of statutory provisions prescribing the practice, it rests in the sound discretion of the court to put a proper limit to the time to be consumed by counsel in argument, a discretion with which an appellate court will not interfere unless the time was made so short as to be manifestly prejudicial to the rights of the party complaining.   2 Ency. Plead. & Prac., p. 701.   The rule is thus stated in *People v. Kelly*, 94 N. Y. 526:

"The time which counsel are to occupy in presenting a case to the consideration of a jury necessarily must be, to a great extent, a matter in the discretion of the court.   Were it otherwise an unlimited period might be taken without any advantage to the client, and causing great delay in the proceedings of the court and an injury to the administration of justice.   The time to be used for such a purpose must, therefore, be a matter to be regulated by the presiding judge upon the trial, the same as any other proceeding during the progress of the case.   It is to be presumed that the court will properly guard and protect the rights of parties so that justice can be administered to all, and the judge is certainly a competent and the proper person to determine as to the time which would be required for a proper discussion and presentation of the case upon trial.   Hence it follows that a court has a right to exercise a discretion in this respect, and

unless such discretion is abused it is not the subject of review in a higher tribunal."

In *State v. Page*, 21 Mo. 257, 64 Am. Dec. 229, after tracing the practice of limiting the time for argument in judicial proceedings back to ancient Greece and Rome, the court said: "We conclude, therefore, that a quarter of an hour allowed to a modern orator in a petty case of cutting down timber on the school lands cannot be considered as an inhibition to be heard in defense of his client." Within these rules, we do not think that any abuse of discretion has been manifested here. Counsel for appellant cite *State v. Mayo*, 42 Wash. 540, 85 Pac. 251, in support of the claim that there was an abuse of discretion on the part of the court below, but in the *Mayo* case the accused was on trial for his life, the trial was long and tedious and the testimony voluminous. Such a case forms no criterion for a simple case like this. There is no error in the record, and the judgment is affirmed.

FULLERTON, GOSE, and MORRIS, JJ., concur.

CHADWICK, J. (dissenting)—The evidence in this case is abundant to sustain the verdict, but I cannot agree with that part of the opinion of the court holding that fifteen minutes was sufficient time for argument to the jury.