# DECISIONS

OF THE

# Supreme Court of Florida

## JUNE TERM, A. D. 1916.

WALTER BARRENTINE AND MILLIE BARRENTINE, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

## Opinion Filed June 13, 1916.

1. Where an indictment contains two counts, the legal effect of a verdict finding the defendants guilty as charged in the first count is to acquit them of the offense charged in the second count.

2. In an indictment for murder it is essentially necessary to set forth particularly the manner of the death and means by which it was effected, but in stating the facts which constitute the offense no technical terms are required, and an averment of the manner and means by which the deceased came to his death in concise and ordinary language, and in such a way as to enable a person of common understanding to know what was intended, is sufficient.

3. It is the declared policy of the Legislature, as well as of this court, to uphold indictments and informations whenever there has been a substantial compliance therein with the statutory requirements.

4. Where the general charge given by the court seems to have covered the law applicable to the case fully and correctly, no assignments of error, being predicated upon any portion thereof, and also nine separate instructions were given at the instance of the defendants, it is not error to refuse other

requested instructions, where the matters of law set forth therein have already been more fully and more clearly and correctly covered by the general charge.

5.  The refusal of the trial court to grant a new trial for insufficiency of the evidence to sustain the verdict, or because the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the appellate court that it is wrong and unjust.

Writ of Error to Circuit Court, Jackson County; C. L. Wilson, Judge.

Judgment affirmed.

*W. H. Price, B. L. Solomon, T. H. Smith* and *F. B. Carter, Jr.,* for Plaintiffs in Error;

*T. F. West, Attorney General,* and *C. O. Andrews, Assistant,* for the State.

SHACKLEFORD, J.—Walter Barrentine and Millie Barrentine seek relief here from a conviction of the crime of murder in the first degree. In their verdict the jury having recommended the defendants to the mercy of the court, they were sentenced to confinement in the State prison at hard labor for life.

The first assignment is based upon the overruling of the motion to quash the indictment, which consists of two counts, but, as the defendants were convicted under the first count, the legal effect of the verdict was to acquit them of the offense charged in the second count, therefore it becomes unnecessary to consider such second count. Salon v. State, 70 Fla. 622, 70 South. Rep. 603. The first count is as follows:

"That Walter Barrentine and Millie Barrentine of the County of Jackson and State of Florida on the 31st day of July, A. D. 1915, in the County and State aforesaid did each unlawfully, feloniously of his and her malice aforethought and from a premeditated design to effect the death of one Jeff Davis, alias some other name to the Grand Jurors unknown, make an assault upon the said Jeff Davis, alias some other name to the Grand Jurors unknown, with a certain deadly weapon to-wit, some kind of a gun, a more particular description of such gun being to the Grand Jurors unknown, which was then and there loaded with gun powder and leaden bullets, and by him the said Walter Barrentine and her the said Millie Barrentine then and there had and held, he the said Walter Barrentine and she the said Millie Barrentine then and there unlawfully, feloniously and each of their malice aforethought and from a premeditated design to effect the death of the said Jeff Davis, alias some other name to the Grand Jurors unknown, shot off and discharged at and upon him the said Jeff Davis, alias some other name to the Grand Jurors unknown, thereby and by thus unlawfully, feloniously and each of his and her malice aforethought and from a premeditated design to effect the death of the said Jeff Davis, alias some other name to the Grand Jurors unknown, striking him the said Jeff Davis. alias some other name to the Grand Jurors unknown, with leaden bullets aforesaid unlawfully, feloniously and of their malice aforethought and from a premeditated design to effect the death of him the said Jeff Davis alias some other name to the Grand Jurors unknown, inflicted on and upon the head and body of him the said Jeff Davis alias some other name to the Grand Jurors unknown, several mortal wounds of which said mortal wounds he the said Jeff Davis, alias some other

name to the Grand Jurors unknown, then and there died, and so the Grand Jurors aforesaid upon their oath aforesaid do say and state that the said Walter Barrentine and the said Millie Barrentine did in the manner and form aforesaid unlawfully, feloniously and each of his and her malice aforethought and from a premeditated design to effect the death of him the said Jeff Davis, alias some other name to the Grand Jurors unknown, kill and murder the said Jeff Davis, alias some other name to the Grand Jurors unknown."

It seems to be unnecessary to copy the grounds of the motion to quash. It is contended here that this count is fatally defective for the reason that it fails to allege that the gun which the two defendants are alleged to have had and held in their hands was shot by them, or either of them, at the person of the deceased. In other words, that there is no allegation that such gun was discharged by any person at or against the body of the deceased, or that either of the defendants shot such gun. In support of this assignment, the defendants cite Wharton on Homicide (3rd ed.) sections 558 and 566, and 1 McClain on Criminal Law, section 378. We have examined these authorities and are of the opinion that they fail to support this contention of the defendants. We have also examined some of the cases which these authors cite in the notes and they strengthen us in this conclusion. As is said in Section 566 of Wharton on Homicide: "The rule that an indictment for murder must state the manner of death means merely that the particular mode by which death was caused, whether by shooting, stabbing, beating, or striking, strangulation, or poisoning, etc., must be set forth, and not that the manner of the connection of the accused with the use of that mode shall be made to appear. Thus, an indictment charging two or more per-

sons with murder committed with a weapon held in their hands is not demurrable as improperly describing the offense, or as charging a physical impossibility." Also see State v. Jenkins, 14 Richardson's Law (S. C.) 215, 94 Amer. Dec. 132. It seems to us that the construction placed by the defendants upon this count of the indictment is entirely too forced and strained. See Adams v. State, 28 Fla. 511, 10 South, Rep. 106, wherein we held as follows: "In an indictment for murder it is essentially necessary to set forth particularly the manner of the death and means by which it was effected, but in stating the facts which constitute the offense no technical terms are required, and an averment of the manner and means by which the deceased came to his death in concise and ordinary language, and in such a way as to enable a person of common understanding to know what was intended, is sufficient."

We approved and followed this holding in Michael v. State, 40 Fla. 265, 23 South. Rep. 944, and Newton v. State, 51 Fla. 82, 41 South Rep. 19. Also see Sections 3961 and 3962 of the General Statutes of 1906, Compiled Laws of 1914, which are discussed in Michael v. State, *supra,* and Newton v. State, *supra.* As we have several times held in construing these two statutes: "It is the declared policy of the Legislature, as well as of this court, to uphold indictments and informations whenever there has been a substantial compliance therein with the statutory requirements." See Barber v. State, 52 Fla. 5, 42 South. Rep. 86; Lewis v. State, 55 Fla. 54, 45 South. Rep. 998; Tillman v. State, 58 Fla. 113, 50 South. Rep. 675, 138 Amer. St. Rep. 100, 19 Ann. Cas. 91. This assignment has not been sustained. The second assignment is abandoned.

The third assignment is based upon the refusal of the

trial court to give the following requested instruction: "As to the bill of sale introduced into evidence, the court instructs you that on its face it is valid, and you must consider it so until the State proves otherwise."

The general charge given by the court would seem to have covered the law applicable to the case fully and correctly, no assignments being predicated upon portion thereof. In addition thereto, the court gave nine separate instructions at the instance of the defendants, all that were requested, with the exception of this instruction No. 10, which we are now considering and one other. The bill of sale to which this requested instruction refers was a bill of sale to a certain described horse and buggy which purported to have been executed by the deceased person for the murder of whom the defendants were on trial was introduced in evidence by the defendants, without objection by the State. It appeared to be fair and regular on its face and properly executed. The State did not atack its execution or question its genuineness. The occasion for its introduction by the defendants would seem to be because witnesses for the State had testified to the effect that a horse and buggy found in the possession of the defendants had formerly belonged to the deceased. Even so, the defendants got the benefit of the bill of sale in connection with testimony which they introduced, and we see no occasion for singling such a bill of sale out from other circumstances which were introduced in evidence and giving the requested instruction concerning the same. We fail to see wherein any reversible error was committed in the refusal of this instruction, therefore must hold that this assignment has failed.

The refusal of the following requested instruction forms the basis of the fourth assignment:

"The Court charges you especially with reference to the defendant Millie Barrentine, that in order to convict her you must be satisfied from the evidence beyond a reasonable doubt that she either struck the fatal blow or fired the fatal shot, as the case might be, or gave affirmative aid to Walter Barrentine in inflicting the fatal blow or firing the fatal shot, if you believe from the evidence beyond a reasonable doubt that Walter did the killing. The mere presence of Millie, and knowing that Walter was committing the crime, if she did not participate in it, would not render her guilty. If you believe from the evidence beyond a reasonable doubt that Walter did the killing and that after the killing Millie being his wife then and there assisted Walter in disposing of the body and kept the fact of such killing concealed from the officers and from the public, such participation by her would not render her guilty of any crime under our law, and you would find her not guilty. In other words, in order to find Millie guilty her participation in the killing must have been before and at the time of the killing and not afterward; and her mere presence and knowledge at the time of the killing, without other participation, aiding, counseling or procuring the killing to be done, is not such participation as would render her guilty. Anything she did after the killing would not render her guilty of any crime, she being the wife of Walter, the slayer."

We are of the opinion that the matters of law set forth in this requested instruction were fully and more clearly and correctly covered by the general charge given by the court, therefore no error was committed in refusing it. See Robertson v. State, 64 Fla. 437, 60 South. Rep. 118.

The fifth and last assignment is based upon the overruling of the motion for a new trial. The only grounds of this motion which are urged before us question the

sufficiency of the evidence to support the verdict. We do not think that any useful purpose would be accomplished by discussing the evidence. It is true that the evidence was almost entirely circumstantial in its nature, but after a careful reading of the same we are of the opinion that it was sufficient to warrant the jury in returning a verdict of guilty. The trial judge evidently so thought, as he overruled the motion for a new trial. As we have repeatedly held: "The refusal of the trial court to grant a new trial for insufficiency of the evidence to sustain the verdict, or because the verdict is contrary to the evidence will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the Appellate Court that it is wrong and unjust." Padgett v. State, 64 Fla. 389, 59 South. Rep. 946, Ann. Cas. 1914 B, 897.

No reversible error having been made to appear, the judgment must be affirmed.

TAYLOR, C. J. and COCKRELL, WHITFIELD and ELLIS, JJ. concur.