GREELY McCOY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

### Opinion filed February 20, 1918.

Where the trial judge hearing a motion for a new trial upon the grounds that the verdict is not sustained by the evidence declines to disturb the verdict, this court in reviewing that action of the trial judge will not disturb his ruling if the record discloses evidence legally sufficient to sustain the verdict and does not affirmatively show the jury to have been influenced by considerations outside the evidence.

Writ of Error to Circuit Court for Jackson County, C. L. Wilson, Judge.

Judgment affirmed.

*W. E. B. Smith,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *Worth W. Trammell,* Assistant, for the State.

ELLIS, J.—The plaintiff in error with two others by the name of McCoy were indicted for the larceny of "two rolls of wire fence" of the value of twenty dollars of the property of A. J. Crutchfield. Greely McCoy was found

guilty, the other two defendants were acquitted. A writ of error was taken to the judgment.

The only question presented is the sufficiency of the evidence to support the verdict, it being contended by counsel for the plaintiff in error that the identity of the goods alleged to have been stolen was not sufficiently established. In such a case the question for this court is, not what conclusion we would have arrived at from a consideration of the facts, but whether there is evidence sufficient upon which the jury uninfluenced by considerations outside the evidence could have found the verdict they did. See Robinson v. State, 70 Fla. 628, 70 South. Rep. 595; Young v. State, 70 Fla. 211, 70 South. Rep. 19; Bellinger v. State, 70 Fla. 464, 70 South. Rep. 438.

Where the trial judge has exercised his discretion and approved the verdict, it is equivalent to a certificate that he thinks the verdict is either fully in accord with his belief upon the testimony or else that there was such a fair and reasonable doubt as to the weight of the evidence pro and con that honest and intelligent minds might fairly differ in their conclusions and that therefore the verdict of the jury should be accepted as just. See Florida Fire & Casualty Ins. Co., v. Hart, 73 Fla. 970, 75 South. Rep. 528.

The testimony in this case was conflicting, but there is evidence tending to prove every material element of the offense charged. The identity of the property alleged to have been stolen could have been more satisfactorily established, but it seems to have been established to the satisfaction of the jury beyond a reasonable doubt, and in that view the trial court concurred. We are unable to say that there was no evidence to support that con-

clusion, and therefore decline to disturb the verdict. The judgment is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.