E. B. MESSER, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

### Opinion Filed April 25, 1918.

The rule is that while the legal effect of evidence or the lack of evidence in its relation to a verdict rendered in a trial may by appropriate proceedings be reviewed by an appellate court, yet conflicts in competent testimony, the weight of legal evidence and the credibility of competent witnesses are primarily for the determination of the jury, and where there is some substantial competent evidence of all the facts legally essential to support the verdict, and there is nothing in the record to indicate that the jury was not governed by the evidence, a refusal of the trial court to grant a new trial on the ground of the insufficiency of the evidence to sustain the verdict will not be disturbed by the appellate court.

Writ of Error to Circuit Court for Jackson County, C. L. Wilson, Judge.

Judgment affirmed.

*Ellis F. Davis,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WEST, J. The plaintiff in error, hereinafter for convenience referred to as the defendant, was indicted in the Circuit Court of Jackson County upon a charge of murder in the first degree. The person alleged to have been murdered by him was Ella Fare Messer, his wife.

He was tried, found guilty of murder in the second degree, adjudged by the court to be guilty and sentenced to be confined in the State prison for the term of his natural life.

To review this judgment writ of error was taken from this court.

The only assignment of error is that the trial court erred in overruling defendant's motion for a new trial, and the only grounds of this motion which are insisted upon and argued in the brief of counsel for the defendant are the seventh (7) and eighth (8) which question the sufficiency of the evidence to support the verdict, and allege that the verdict is contrary to the law and the charge of the court, so that the case is in small compass here.

From the evidence it appears that the defendant was punishing a stepdaughter who was a daughter of the deceased, for some alleged misconduct and that the deceased intervened taking the part of her daughter which seemed rather to intensify the feeling between them and prompt the daughter to resist. That a combat between the defendant on the one hand and the daughter and the deceased on the other ensued in which the combatants were armed with sticks of a variety of sizes and dimensions, the deceased however appearing throughout to act rather in defense of her daughter and to encourage her in her resistance and hostility than to herself have made any attack upon the defendant although it is undisputed that as she approached the scene of the encounter she was armed with a stick.

The result was that the deceased was seriously bruised and wounded upon the body and head from the effects of which she died. The State's theory was that the fatal wounds were inflicted by the defendant. The theory of the defense was that the daughter of the deceased struck at the defendant with a stick, that he escaped by dodging, and that the blow fell upon the head of her mother, the deceased, and killed her.

No one was present except the three participants and two younger children of the deceased and the defendant. There is evidence in the record which would support either theory. No useful purpose would be served by setting out the evidence in this opinion. Because of the nature of the case and the consequences to the defendant of a life sentence in the State prison we have carefully examined it. A jury of twelve men of the county in which the homicide occurred who saw and heard the witnesses as they testified at the trial of the case accepted the State's theory and rendered a verdict finding the defendant guilty of murder in the second degree. This verdict has the sanction of the trial judge who denied the motion of defendant for a new trial.

The rule is well settled here that while the legal effect of evidence or the lack of evidence in its relation to a verdict rendered in a trial may by appropriate proceedings be reviewed by an appellate court, yet conflicts in competent testimony, the weight of legal evidence and the credibility of competent witnesses are primarily for the determination of the jury; and where there is some substantial competent evidence of all the facts legally essential to support the verdict, and there is nothing in the record to indicate that the jury were not governed by the evidence, a refusal of the trial court to grant a new trial on the ground of the insufficiency of the evidence to sustain the verdict will not by disturbed by the appellate court.  Smith v. State, 66 Fla. 135, 63 South. Rep. 138; McClellan v. State, 66 Fla. 215, 63 South. Rep. 419; Barrentine v. State, 71 Fla. 1, 72 South. Rep. 280.

There is ample evidence in the record to support the verdict and there is nothing to indicate that the jury was not governed by the evidence.

The general charge of the court fully covered the

questions presented and there was no error in refusing to give to the jury the special charge requested.

The judgment will be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.