TOBE WALLACE, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed August 5, 1918.

1. Upon a charge of larceny where there is conflict in the evidence as to the intent with which the property was taken, or it is of such a character as to legitimately authorize an inference of a felonious purpose, then the matter should be submitted to the Jury without any intimation from the Trial Court as to the force of presumptions of fact arising from any portion of the testimony.

2. In cases of larceny the question of the intent with which the accused took the porperty, with the theft of which he is charged, is primarily one of fact to be decided by the Jury, subject to review by the Court.

3. Where there is substantial competent evidence of all the facts legally essential to support the verdict, and there is nothing in the record to indicate that the Jury were influenced by considerations outside the evidence, this Court will not disturb the verdict.

Writ of error to Circuit Court for Manatee County; C. L. Wilson, Judge.

Judgment affirmed.

*H. S. Glazier* and *Frank Redd,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WEST, J.—Plaintiff in Error was convicted in the Circuit Court of Manatee County, of the larceny of a calf, te property of another, and was sentenced to a term of two years in State prison, this being the minimum penalty for the offense. General Statutes of Florida, 1906, Sec. 3299, Compiled Laws, 1914.

From this judgment writ of error was taken and the case is here for review.

The only question presented and argued is the sufficiency of the evidence to support the judgment.

The owner of the animal alleged to have been stolen testified that it was running at large on the range in Manatee County with a herd of his cattle. That when he, and those who were assisting him, went out in the month of April, 1917, to pen this herd and mark and brand the calves this calf, which was about ten or eleven months old, could not be found; that the calf's mother and "the rest of that tribe" were found, but this calf has not been found; that about a week or ten days after the calf disappeared this witness, the owner, learned that a calf's hide of the color of his calf, which had disappeared, had been bought by a merchant in Sarasota, and upon an examination of it he recognized and identified it as the hide of his calf; that afterwards the witness

and the defendant examined this hide together and the defendant admitted that he killed the calf from which the hide was taken. There is other evidence in behalf of the State in corroboration of the testimony given by this witness.

The defense is that the calf which the defendant admitted killing was the property of the defendant. He admits killing such an animal and that the hide was sold to the merchant in Sarasota, but, he says, that the animal was his. It was driven from the range to the home of defendant, at his request, and slaughtered there in the day time, and those who assisted him in its slaughter testified in his behalf that the defendant claimed to own the calf and that it was found with a cow which he also claimed to own. He did not deny that he killed such an animal and, so far as the evidence discloses, there was no concealment of it.

The contention is made that this case comes within the rule announced in the case of Dean v. State, 41 Fla. 291, 26 South. Rep. 638, where it was said, quoting from a decision of the Supreme Court of Alabama, that "where the taking is open, and there is no subsequent attempt to conceal the property, and no denial, but an avowal of the taking, a strong presumption arises that there was no felonious intent, which must be repelled by clear and convincing evidence, before a conviction is authorized."

In the later case of Long v. State, 44 Fla. 134, 32 South. Rep. 870, this rule was explained and limited somewhat. The court said: "The principle, however, announced in the headnote in the Dean case, upon which this court acted in determining the sufficiency of the evidence then before it, must not be regarded as stating a principle of law which an accused has a right to have charged in his favor, and if such is its effect it must be limited. Where

there is conflict in the evidence as to the intent with which the property was taken, or it is of such a character as to legitimately authorize an inference of a felonious purpose, then the matter should be submitted to the jury without any intimation from the trial court as to the force of presumptions of fact arising from any portion of the testimony." See also Bird v. State, 48 Fla. 3, 37 South. Rep. 525; Bass v. State, 58 Fla. 1, 50 South. Rep. 531.

Now, it is well established that in cases of larceny the question of the intent with which the accused took the property, with the theft of which he is charged, is primarily one of fact to be decided by the jury, subject to review by the court. It was expressly so held by this court in the case last above referred to. This being true the jury trying this case has passed upon this question, just as they passed upon every other question of fact in issue upon the trial, and found against the plaintiff in error. By declining to set the verdict aside the sanction of the learned Circuit Judge trying the case has been given to this finding.

There are conflicts in the evidence, but the jury who saw and heard all the witnesses have accepted the State's theory of the case. There is substantial competent evidence of all the facts legally essential to support the verdict, and there is nothing in the record to indicate that the jury were influenced by considerations outside the evidence. We will, therefore, not disturb it. McClellan v. State, 66 Fla. 215, 63 South. Rep. 419; Barrentine v. State, 72 Fla. 1, 72 South. Rep. 280; Herndon v. State, 73 Fla. 451, 74 South. Rep. 511; McCoy v. State, 75 Fla.

294, 78 South. Rep. 168; Messer v. State, 75 Fla. 619, 78 South. Rep. 680.

The judgment is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.