JOHN HAMLIN, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed July 10, 1920.

1. Although there may be conflicts in the evidence, if there is sufficient competent evidence of all the facts legally essential to support a verdict of conviction and there is nothing in the record to indicate that the jury was influenced by any consideration outside the evidence in arriving at the verdict returned, the judgment will not be disturbed by an appellate court on the ground of the insufficiency of the evidence to support the verdict.

2. Evidence examined and found sufficient to support a verdict of conviction.

A Writ of Error to the Circuit Court for Wakulla County; E. C. Love, Judge.

Judgment affirmed.

W. C. *Hodges* and *Greene S. Johnston*, for Plaintiff in Error;

*Van C. Swearingen*, Attorney General, and *D. Stuart Gillis*, Assistant, for the State.

WEST, J.—Plaintiff in error, referred to herein as defendant, was found guilty upon a charge of the larceny of hogs of the value of more than twenty dollars. His motion for a new trial was denied. From the judgment imposing sentence of imprisonment upon him writ of error was taken.

The assignment of error presents for our consideration only the question of the sufficiency of the evidence to support the verdict. To set out the evidence *in extenso* would be of no benefit.

According to the State's theory, the hogs alleged to have been stolen by defendant were running at large in Wakulla County near the home of the alleged owner and were in his mark. They disappeared and were found in Jefferson County about two months later in the possession of a third party, to whom they had been delivered by defendant on agreement that they would be fattened "on halves." They were hauled by defendant in the night time to the place where they were delivered in Jefferson County.

A witness on behalf of the State testified that he saw defendant with three hogs "tied down" in the woods in

Wakulla County; that when defendant and another who was with him, and who was also indicted, but acquitted at the trial, left the hogs and went away to get a wagon to haul them, this witness went up and looked at the hogs and saw that they were in the mark of the alleged owner.

There is also evidence to the effect that defendant offered to pay a witness to testify in his behalf at the trial

The person jointly indicted with defendant and acquitted at the trial denied that he and defendant were in possession of the hogs in the woods in Wakulla County, and denied that he had anything to do with the alleged theft of the hogs or that he knew anything about it.

The defendant testified that the alleged owner of the hogs was indebted to him and delivered the hogs to him in settlement of the indebtedness; that the hogs were accepted by him for an agreed price, which was ten dollars more than the account; that the account was marked paid and ten dollars in cash was paid to the alleged owner; that the hogs after being delivered were openly held by him in a pasture for about thirty days and were then delivered to the party in Jefferson County to be fattened and were hauled through to Jefferson County in the night time because of excessive heat; that later the alleged owner wanted to trade back for the hogs, but defendant declined to do so, and told him that he had "shared them out" to be fattened to the party in Jefferson County whose name was given, and that he was the one who told the alleged owner where the hogs were; that he did not steal the hogs, but bought and paid for them, and after taking possession of them made no effort to conceal them.

The alleged owner denied that he sold the hogs to defendant and denied that defendant told him where the

hogs were or that he had any conversation with him about them.

The venue as alleged was proved and the venue and date of the alleged larceny were proved.

The recod presented simply a question of fact for the jury to determine. There are conflicts in the evidence. but the jury accepted the theory of the State and found defendant guilty as charged, and this verdict has the sanction of the trial judge, who denied the motion for a new trial. There is nothing whatever in the record to suggest that the jury was influenced by anything outside the testimony in arriving at the verdict returned. There is sufficient competent evidence of all the facts legally essential to support the verdict, and under the well-settled rule in such cases this court is not authorized to disturb it. Wallace v. State, 76 Fla. 175, 79 South. Rep. 634; Messer v. State, 75 Fla. 619, 78 South. Rep. 680; McCoy v. State, 75 Fla. 294, 78 South. Rep. 168; Herndon v. State, 73 Fla. 451, 74 South. Rep. 511; Barrentine v. State, 72 Fla. 1, 72 South. Rep. 280; McClellan v. State, 66 Fla. 215, 63 South. Rep. 419.

The judgment will be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.