DAN KIRKLAND AND JOE HALE, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed July 13, 1921.

1.  The unexplained possession of recently stolen property is sufficient proof to uphold a verdict of guilty upon a charge of larceny.

2.  Larceny may be proved by circumstantial evidence if it is of sufficient probative force to support a legal inference of guilt beyond a reasonable doubt.

3.  Where the evidence is legally sufficient to support the verdict and there is nothing to indicate that the jury was influenced by considerations outside the evidence, the verdict will be affirmed.

A Writ of Error to the Circuit Court for Lafayette County; M. F. Horne, Judge.

*I. J. McCall,* for Plaintiffs in Error;

*Rivers H. Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

WEST, J.—Upon an indictment charging three defendants in the first count with the crime of breaking and entering with the intent to commit a felony and in the second count with the crime of grand larceny there was a trial and verdict of guilty as charged in the second count. Motion for new trial was made and denied and sentences were imposed.   To review the judgments imposing sentences on plaintiffs in error, two of the defendants, writ of error was taken from this court.

The order overruling the motion for new trial is assigned as error.   The only question presented is the sufficiency of the evidence to support the verdict.

The property alleged to have been stolen was a large quantity of merchandise, proved to be of little less than $1,000 in value, taken from a store building.   The property was found concealed in a barn on the premises occupied by one of the defendants within less than a week after it was alleged to have been taken.   It was recovered and re-

stored to the owners and there seems to be no question about the identity of the property, the only question being whether the plaintiffs in error were connected with or participated in the theft. The defendant in whose possession the property was found is not a party to this record. At the trial he admitted that the stolen goods were taken from his possession but testified that he bought them on the morning after they were alleged to have been taken from the store in the night time.

He asserted that he had known the person from whom he bought the goods for a number of years. He disclosed for the first time how he came into possession of the stolen goods when he went on the stand as a witness at the trial. The party from whom he obtained them was not produced.

This explanation was rejected by the jury. That they did not believe it is apparent from the verdict returned. The unexplained possession of recently stolen property is sufficient proof to uphold a verdict of guilty upon a charge of larceny. McDonald v. State, 56 Fla. 74, 47 South. Rep. 485. As to plaintiffs in error the evidence is circumstantial, but larceny may be proved by circumstantial evidence if it is of sufficient probative force to support a legal inference of guilt beyond a reasonable doubt. McDonald v. State, *supra;* Kennedy v. State, 31 Fla. 428, 12 South. Rep. 858; Chamberlayne's Best on Evidence, 192.

The evidence is somewhat voluminous. No benefit would be derived from reciting the various circumstances tending to connect plaintiffs in error with the crime. The fact of the larceny being proved, other facts in proof are sufficient basis for the legal inference of guilt of all the defendants as found by the jury. Where the evidence is legally sufficient to support the verdict and there is nothing to indicate that the jury was influenced by considerations outside

the evidence, the verdict will be affirmed. Hamlin v. State, 80 Fla. 217, 85 South. Rep. 685; Brown v. State, 79 Fla. 523, 84 South. Rep. 384; Wallace v. State, 76 Fla. 175, 79 South. Rep. 634; Messer v. State, 75 Fla. 619, 78 South. Rep. 80; McCoy v. State, 75 Fla. 294, 78 South. Rep. 168; Herndon v. State, 73 Fla. 451, 74 South. Rep. 511; Barrentine v. State, 72 Fla. 1, 72 South. Rep. 280; McClellan v. State, 66 Fla. 215, 63 South. Rep. 419.

Affirmed.

TAYLOR, WHITFIELD AND ELLIS, J. J., concur.