JOHN COLLINSWORTH, *Plaintiff in Error, v.* THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed October 19, 1921.

1.  A judgment of conviction will not be reversed even if technical errors were committed in rulings upon admissibility of evidence or charges given or refused where the evidence is sufficient to sustain a conviction and no fundamental rights of defendant were infringed.

2.  Where the evidence is legally sufficient to support the verdict and there is nothing to indicate that the jury were influenced by considerations outside the evidence, a judgment of conviction will not be reversed although there may be conflicts in the evidence.

A Writ of Error to the Circuit Court for Santa Rosa County; A. G. Campbell, Judge.

Affirmed.

*W. W. Clark,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and Marvin C. *McIntosh,* Assistant, for the State.

WEST, J.—Plaintiff in error and Ray Howe were indicted and tried in the Circuit Court of Santa Rosa County upon a charge of breaking and entering a store building with intent to commit a felony. They were convicted of breaking and entering with intent to commit a misdemeanor. To the judgment imposing sentence they both took writ of error from this Court. Subsequently, upon motion of counsel, the writ of error was dismissed as to Howe.

There are a number of assignments of error in the record.

All of them, except one questioning the sufficiency of the evidence to sustain the verdict, are based upon rulings of the trial court admitting or excluding evidence or refusing to give requested instructions to the jury. Discussion of them would be of no profit. Harmful error is not made to appear by any of them. They are well within the established rule that a judgment of conviction will not be reversed even if technical errors were committed in rulings on the admissibility of evidence or in charges given or refused where the evidence is sufficient and no fundamental rights of the defendants are in fringed. Poyner v. State, 81 Fla. 726, 88 South. Rep. 762; Riggins v. State, 78 Fla. 459, 83 South. Rep. 267; Dixon v. State, 77 Fla. 143, 80 South. Rep. 741; Barker v. State, 76 Fla. 164, 79 South. Rep. 436; Settles v. State, 75 Fla. 296, 78 South. Rep. 287; Milligan v. State, 75 Fla. 815, 78 South. Rep. 535; Smith v. State, 74 Fla. 44, 76 South Rep. 334.

There is conflict in the evidence but the jury who saw and heard the witnesses accepted as true the evidence offered in behalf of the State and their verdict has the sanction of the trial judge. The evidence is legally sufficient to support the verdict and there is nothing to indicate that the jury were influenced by considerations outside this evidence. Under the well established rule where this is the case the judgment will be affirmed. Kirkland v. State, 82 Fla. 119, 89 South. Rep. 356; Hamlin v. State, 80 Fla. 217, 85 South. Rep. 685; Brown v. State, 79 Fla. 523, 84 South. Rep. 384; Wallace v. State, 76 Fla. 175, 79 South. Rep. 634; Messer v. State, 75 Fla. 619, 78 South. Rep. 680; McCoy v. State, 75 Fla. 294, 78 South. Rep. 168.

Affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.