WILLIE MOORE AND FRANK SANDERS, *Plaintiffs in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed February 18, 1922.

1. An accomplice may be a competent witness and his uncorroborated testimony is sufficient to support a conviction if it satisfies the jury of guilt beyond a reasonable doubt.

2. Where there is evidence in the record legally sufficient to support the verdict and nothing to indicate that the jury were influenced by considerations outside the evidence, a judgment of conviction will not be reversed by an appellate court although there may be conflicts in the evidence.

3. It is not error to refuse to give requested instructions that are substantially covered by instructions given.

4. If the verdict be conformable to the law and evidence, it will not be set aside merely because the court refused to give instructions which might have been properly given.

Affirmed.

*Davis & Giles,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

WEST, J.:—The defendants, plaintiffs in error here, were informed against in the Criminal Court of Record for Orange County on a charge that they "did unlawfully, wilfully and maliciously by the explosion of a certain explosive subtance, to-wit: dynamite, unlawfully injure a certain building, the property of one Harry Patrick." Upon a trial on this information a verdict of guilty as charged was returned. To the judgment imposing sentences of imprisonment on this verdict to terms of years in the State prison, writ of error was taken.

Two questions are presented by assignments of error.

The first questions the sufficiency of the evidence to support the verdict of conviction. Aside from evidence of statements made by one of the defendants before the offense was committed that they expected to dynamite a house and admission by him after the act that they had done so, the only direct evidence against them is from one who participated in the crime to the extent that he was present when it was planned and accompanied the active participants, the defendants, to the scene and was present with them when the crime was committed, but who was not tried with defendants. But an accomplice is a competent witness and his uncorroborated evidence is sufficient to support a conviction if it satisfies the jury of guilt beyond a reasonable doubt. Knight v. State, 60 Fla. 19, 53 South. Rep. 541; Brown v. State, 42 Fla. 184, 27 South. Rep. 869. In addition to this, there was evidence of a number of corroborating circumstances. No benefit would result from a recital of the substance of the evidence in this opinion. The verdict has the approval of the trial judge

who saw and heard all the witnesses and the case is well within the rule that a judgment of conviction will not be reversed by an appellate court, although there may be conflicts in the evidence, where there is evidence in the record legally sufficient to support the verdict and nothing to indicate that the jury were influenced by considerations outside the evidence. Collinsworth v. State, 82 Fla. 291, 89 South. Rep. 802; Kirkland v. State, 82 Fla. 118, 89 South. Rep. 356; Hamlin v. State, 80 Fla. 217, 85 South. Rep. 685; Brown v. State, 79 Fla. 523, 84 South. Rep. 384; Wallace v. State, 76 Fla. 175, 79 South. Rep. 634; Messer v. State, 75 Fla. 619, 78 South. Rep. 680; McCoy v. State, 75 Fla. 294, 78 South. Rep. 168.

The other question is based upon an assignment which questions the ruling of the trial court refusing a requested charge on behalf of defendants. Considering the whole of the instructions given by the trial court, we think the point upon which the special charge was requested is sufficiently covered. Charges contained in the general instructions were as favorable to defendants as the special charge requested. This court has repeatedly said it is not error to refuse to give requested charges which are substantially covered by charges given. Long v. State, 78 Fla. 464, 83 South. Rep. 293; Goff v. State, 75 Fla. 87, 77 South. Rep. 877; Fine v. State, 70 Fla. 412, 70 South. Rep. 379; Hoskins v. State, 70 Fla. 186, 69 South. Rep. 701; Hawthorne v. State, 72 Fla. 524, 73 South. Rep. 590.

No reversible error is made to appear and the judgment will be affirmed.

Affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.