WILLIE CARR, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed August 1, 1922.

1. Comment by the county solicitor in his argument to the jury in a prosecution for larceny upon defendant's failure to explain where he got "all this money" when defendant had made himself a witness and denied the theft or that he had large sums of money, as testified to by witnesses for the State, immediately after the alleged crime was committed, cannot be said to be harmful, and especially so when, upon interruption by counsel for defendant, the county solicitor was admonished by the court not to "comment on defendant's failure to testify."

2. The evidence examined and found to be ample to sustain a verdict of conviction upon the charge of larceny.

A Writ of Error to the Criminal Court of Record for Orange County, T. Picton Warlow, Judge.

Affirmed.

*Dickinson & Dickinson*, for Plaintiff in Error;

*Rivers Buford*, Attorney General, and *Marvin C. McIntosh*, Assistant, for the State.

WEST, J.—This case comes to this court upon writ of error for review of a judgment of conviction in the Criminal Court of Record for Orange County. Plaintiff in error, Willie Carr, was informed against upon a charge of breaking and entering with intent to commit a felony and of grand larceny, the information containing two counts. Upon a trial there was a general verdict of guilty as charged

and defendant was sentenced to serve a term of five years at hard labor in the state prison.

There are a number of assignments assailing rulings of the court made during the progress of the trial.

The defendant testified as a witness in his own behalf. He denied taking the money alleged to have been stolen and denied having a "roll" of money in Tampa, as testified by witnesses for the State. During the argument of the county solicitor he inquired why the defendant did not explain where he got "all this money." The argument was objected to by counsel for defendant and the county solicitor was admonished by the court not to "comment on defendant's failure to testify." The obvious reply to the injury was that the defendant had testified and denied that he took the money or that he had it. If there was impropriety in the argument from any viewpoint it was overcome by the prompt action of the trial judge and was not calculated to prejudice the cause of the defendant in the minds of a jury of fair intelligence. Landrum v. State, 79 Fla. 189, 84 South. Rep. 535.

Other assignments upon questions of the admissibility of evidence have been considered and no harmful error discovered.

The principal contention on behalf of plaintiff in error is that the verdict of conviction is not supported by the evidence. The property alleged to have been stolen is currency of the United States of the value of $500. The evidence is circumstantial. That a large sum of money was taken from the home of the alleged owner is not controverted. It was proved at the trial that defendant, about the time or immediately after the alleged theft, had a number of bills of the same denomination as those that were

stolen and that he was seen by several witnesses exhibiting and spending money in such a reckless and extravagant way as to attract attention.

Considered with an alleged admission of defendant to one witness that he took the money from the home of the owner as charged, and other corroborating circumstances, we think there is sufficient basis in the evidence for a verdict of conviction upon the charge of larceny. Questions of fact are peculiarly for the jury and this court will not disturb their findings where there is competent evidence to support the conclusion reached by them and there is nothing in the record to indicate that the jury were influenced by any consideration outside the evidence. Kirkland v. State, 82 Fla. 118, 89 South. Rep. 356; Hamlin v. State, 80 Fla. 217, 85 South. Rep. 685; Brown v. State, 79 Fla. 523, 84 South. Rep. 384; Wallace v. State, 76 Fla. 175, 79 South. Rep. 634; Messer v. State, 75 Fla. 619, 78 South. Rep. 680.

The judgment is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.