NOAH CRAWFORD, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed June 20, 1923.

Petition for Rehearing Denied July 27, 1923.

1.  Assignments of error not argued are regarded as abandoned and will not be considered by an Appellate Court.

2.  Where the evidence is ample to sustain the verdict and there is nothing in the record to indicate that the jury were influenced by anything other than a due consideration of the evidence, a judgment of conviction will not be reversed, although there may have been technical errors of procedure in the trial of the case.

3.  Where instructions given by the Court to the jury are not contained in the transcript of the record, the question of whether a refusal to give a requested instruction is error cannot be considered. Presumably, the charge given correctly instructed the jury upon the law of the case.

4.  It is incumbent upon one seeking reversal in an appellate Court of a judgment against him to make the error of the trial Court to Appear. This is not done by showing a refusal to give a requested appropriate charge where instructions given are not contained in the record.

A Writ of Error to the Criminal Court of Record for Duval County; James M. Peeler, Judge.

Affirmed.

*Ion L. Farris* and *L. E. Wade,* for Plaintiff in Error;

*Rivers Buford,* Atorney General, and *M. C. McIntosh.* Assistant, for the State.

WEST, J.—The plaintiff in error was charged in an information filed by the County Solicitor in the Criminal Court of Record of Duval County with the crime of wantonly and maliciously shooting at and into a certain dwelling house in Duval County, then and there being occupied and used as a dwelling house by the owner. The trial of the case resulted in a verdict of guilty as charged. To review the judgment writ of error was taken from this court.

Of the many rulings assigned as error two only are argued in the brief filed in this court on behalf of plaintiff in error. Assignments not argued are regarded as abandoned and will not be considered. Hysler v. State, 85 Fla. 153, 95 South. Rep. 573; Bass v. State, 58 Fla. 1, 50 South. Rep. 531; Hoodless v. State, 46 Fla. 213, 35 South. Rep. 656.

The principal contention is that the verdict is not supported by the evidence. No benefit would be derived from a detailed recital of the evidence offered on behalf of the State in support of the charge. One of the individuals constituting the party of four that did the shooting, who was present when it was done, as a witness on behalf of the State detailed what occurred. He testified that the party was in the car of the defendant, that the expedition and the taking of the guns used were the defendant's suggestions, and that while the defendant himself did not fire either of the guns, they were fired by others of the party under his direction. Occupants of the dwelling recognized defendant's voice calling members of the family before the shooting, which occurred in the night time. There was strong corroborative evidence from other witnesses. The defendant admitted his presence at the scene of the shooting. That the house was shot into and that it was a dwelling house and so occupied at the time, were

proved. The proof is ample to sustain the verdict and there is nothing to indicate that it was induced by any other influence than a proper consideration of the evidence by the jury. Studstill v. State, 83 Fla. 623, 92 South. Rep. 151; Moore v. State, 83 Fla. 270, 91 South. Rep. 180; Collinsworth v. State, 82 Fla. 291, 89 South. Rep. 802; Kirkland v. State, 82 Fla. 118, 89 South. Rep. 356; Hamlin v. State, 80 Fla. 217, 85 South. Rep. 685.

The other assignment argued in the brief is the refusal of the trial court to give, on behalf of the defendant, a requested instruction to the jury. Without respect to whether the requested charge correctly stated principles of law applicable to the facts in proof, the question cannot be considered because the charge given by the court is not contained in the record. Presumably the charge given correctly instructed the jury upon the law of the case. If so, the refusal to give the requested instruction was not error. It is incumbent upon one seeking reversal in an appellate court of a judgment against him to make the error of the trial court to appear. This is not done by showing refusal to give a requested appropriate charge where instructions given are not contained in the record.

The judgment is affirmed.

TAYLOR, C. J., AND WHITFIELD, ELLIS AND BROWNE, J. J., concur.

TERRELL, J., not participating.