## CORNELISON MOTOR CO. et al. v. MORRIS.

### No. 12330.

Court of Civil Appeals of Texas. Fort Worth.
May 10, 1930.

Allred & Allred, of Wichita Falls, for appellants.

Walsh & Smith, of Wichita Falls, for appellee.

CONNER, C. J.

Appellee L. H. Morris instituted this suit against B. Cornelison and G. D. Fox, doing business in the name of Cornelison Motor Company, to recover damages in the sum of $300, alleging that a certain automobile purchased by the plaintiff from the defendants had been falsely and fraudulently represented to be in good mechanical condition and of the value of $750, whereas the car was not in good mechanical condition and of a value not to exceed $450.

The case was submitted to a jury on special issues. Upon the answers of the jury the court entered a judgment in favor of plaintiff for the sum of $112.50. From this judgment the motor company has duly prosecuted an appeal.

But a single question is presented to us for determination. It appears from a duly authenticated bill of exception that, after the parties had closed their testimony and after the trial court had prepared his charge to the jury, the plaintiff's counsel stated in open court "that he did not wish to argue his case before the jury and that he waived any argument whatever." Whereupon counsel for defendants, appellants here, "in open court, expressed to the court that he did not desire to waive argument of the case and would not do so * * * and then and there expressly insisted that he be permitted to orally argue the case and the disputed special issues."

The court ruled that inasmuch as the plaintiff had waived argument he would not permit defendants' counsel to argue at all and denied them the privilege, to which ruling the defendants duly excepted and have here assigned error to the ruling.

The evidence upon the issues shown by the pleadings and as submitted to the jury was sharply conflicting, but appellee insists that the bill of exception to the action of the court complained of fails to show that appellant in a motion for new trial complained of the verdict of the jury or judgment as unsupported by the evidence, or that, had argument in behalf of appellant been permitted, a more favorable result would have been obtained, and hence that appellant has not discharged the burden of proof imposed on him by Rule 62a to show that he has been prejudiced or damaged in any way or to any extent by the error of the court, if any, in refusing to permit his counsel to present his case to the jury, and that consequently it is our duty to overrule the assignment of error under consideration.

Rule 62a reads as follows: "No judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate

court shall be of opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court; and if it appear to the court that the error affects a part only of the matter in controversy, and the issues are severable, the judgment shall only be reversed and a new trial ordered as to that part affected by such error: Provided, if the erroneous action or failure or refusal of the trial judge to act shall prevent the proper presentation of a cause to the Court of Civil Appeals, and be such as may be corrected by the judge of the trial court, then the judgment shall not be reversed for such error, but the appellate court shall direct the said judge to correct the error, and thereafter the Court of Civil Appeals shall proceed as if such erroneous action or failure to act had not occurred."

In Reisenberg v. Hankins, 258 S. W. 904, 911, by the Amarillo Court of Civil Appeals, writ dismissed, it is said that: "Since the promulgation of rule 62a, defects in pleading are not such a prolific source of reversal as before. There is now no presumption that an error in overruling special exceptions to pleadings is ground for a reversal. The burden is upon the complaining party to show injury."

In Millers' Indemnity Underwriters v. Schrieber, 240 S. W. 963, 964, by the Beaumont Court of Civil Appeals, writ refused, the rule and presumptions theretofore existing are discussed at some length, and the conclusion as stated in a headnote is that: "Since the promulgation of Rule 62a (149 S. W. x), prohibiting Courts of Civil Appeals from reversing for error unless they can say from the entire record that it was calculated to cause, and probably did cause, an improper verdict and judgment, the presumption that any error was presumed to be prejudicial no longer obtains."

In McCaskill v. Clay, 284 S. W. 643, 644, the Amarillo Court of Civil Appeals again ruled that: "Under Supreme Court Rule 62a, appellant must show that error complained of resulted to his prejudice; such rule abolishing presumption that injury results from all erroneous rulings of trial judge."

In Golden v. Odiorne, 112 Tex. 544, 249 S. W. 822, 823, Judge McClendon of Section B of the Commission of Appeals, in an opinion approved by the Supreme Court, discussed Rule 62a at some length, and said that: "The evident purpose of rule 62a was to prevent the reversal of trial court judgments for technical and unsubstantial errors, and to cast the burden of showing prejudice upon the

party complaining of the erroneous ruling, so far, at least, as it was within his power to do so."

However, the later cases of Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765, and Parker v. Bailey (Tex. Com. App.) 15 S.W. (2d) 1033, and Bain Peanut Co. v. Pinson (Tex. Com. App.) 294 S. W. 536, seem to us to conflict with Rule 62a in so far as that rule places upon an appellant the burden of showing that an error is prejudicial. The case of Bell v. Blackwell was by the Commission of Appeals, Section B, the opinion being rendered by Mr. Justice Speer. It was held, after a somewhat extended discussion of the case, that if upon appeal an error be shown, it requires a reversal "if there is any reasonable doubt of its harmful effect, unless it affirmatively appears from record that error was harmless." It is held in that case that a verdict supported by the overwhelming weight of the evidence, or that any other verdict would have been set aside, cannot make improper argument harmless.

The opinion in the case of Parker v. Bailey, supra, was also written by Judge Speer of Section B of the Commission. In that case the question under consideration was misconduct on the part of the trial court in communicating with the foreman of the jury during its deliberations. It was held that it would be consequently presumed that a fair trial was not had and that evidence to the contrary should not be heard on a motion for new trial.

In Bain Peanut Co. v. Pinson (Tex. Com. App.) 294 S. W. 536, it is said, quoting from the headnotes: "Court of Civil Appeals rule 62a, preventing reversal for errors during trial not calculated to result in improper judgment or to prevent proper presentation of case, should not be construed to permit litigant to wrongfully prejudice adversary's rights and cast on adversary burden to show that harm resulted."

In Peden Iron & Steel Co. v. Jaimes (Tex. Com. App.) 208 S. W. 898, it is said, quoting from the headnotes: "Notwithstanding rule 62a (149 S. W. x), relating to harmless error, held, in view of rulings of the Supreme Court in construing other rulings, that the giving of an instruction, in a servant's action for injuries, where the evidence raised the issue of contributory negligence, which required defendant to establish the same to the satisfaction of the jury, was prejudicial error."

In Weisner v. M., K. & T. Ry. Co. (Tex. Com. App.) 207 S. W. 904, it is said, quoting from the headnotes: "Supreme Court Rule 62a (149 S. W. x) was not intended to deprive the Supreme Court of the power to determine for itself whether any erroneous action of the trial court was of such character as amounted 'to such a denial of the rights of

the plaintiffs as was reasonably calculated to cause and probably did cause the rendition of an improper judgment.' "

 In the light of these later decisions, at all events we think it must be said that the action of the court in refusing to permit counsel for appellant to argue the merits of his case to the jury was error which requires a reversal of the judgment. Appellant, both by pleading and by evidence, contested the allegations of appellee's petition and the questions submitted by the court in special issues, and appellant has suffered a judgment against him in the amount stated in the beginning. We have not been able to find a case and we have not been referred to one, in which the evidence was conflicting upon material issues that counsel have been altogether denied from addressing the jury.

In the case of City of Seattle v. Erickson, 55 Wash. 675, 104 P. 1128, annotated in 25 L. R. A. (N. S.) 1027, and in the case of Lucas v. Commonwealth of Kentucky, 149 Ky. 495, 149 S. W. 861, annotated in 42 L. R. A. (N. S.) 209, numerous cases are cited in the notes discussing the discretion of a trial court in limiting arguments of counsel. In none of them, where the evidence is material and conflicting, has it been held that the court may deny a litigant the right of being heard by himself or by counsel. In such cases the extent of the court's power, as stated, is to limit, and not deny, and the limitation must be reasonable under the circumstances; otherwise the ruling will be reversed on appeal for an abuse of the discretion.

In 38 Cyc. p. 1470, it is said: "A party litigant has the right to address the jury by his counsel where there is an issue in the case to be submitted to the jury, and the party is not in default. This is so although the facts may appear plain to the court"—citing cases.

In Van Dyke v. Martin, 55 Ga. 466, it was held that: "If not enough of the term remains to allow a reasonable time for argument the entire cause should be postponed until the following term."

By constitutional provisions the right of free speech is inbred among our people, and we feel no hesitation in saying that in this case, where the evidence on the material issues was not undisputed, but on the contrary sharply conflicting, the court committed a prejudicial error, for which the judgment must be reversed in refusing appellant's counsel the right to be heard before the jury impaneled to try his case.

Judgment reversed and cause remanded.