PER CURIAM.
The defendant-appellant, insurance company, suffered an adverse jury verdict and a judgment in favor of the plaintiff-appel-lee, its policyholder. These appeals are from (1) the final judgment, (2) the order taxing costs and (3) the order assessing attorney’s fees. We have consolidated the appeals for argument and disposition here. The appellee sued the appellant claiming under a disability income insurance policy issued to him. The appellant defended upon the grounds of fraud and misrepresentation by the appellee in that he had failed to reveal upon the application prior rejections for the same type of insurance. Other defenses were pleaded but the one set forth is the only one important to this decision.
Appellant has presented eight points on appeal. The first point urges error upon limitations imposed by the trial judge upon certain questions asked prospective jurors on voir dire examination. The second, third, fourth and fifth points urge error upon rulings in the admission or rejection of evidentiary items during the trial of the cause. Appellant’s points six and seven urge error upon the failure of the court to give requested instructions. Point eight urges that the trial court abused its discretion in fixing the amount of attorney’s fees awarded plaintiff’s attorney.
We have examined the record in the light of appellant’s points one through five inclusive and find that reversible error has not been demonstrated. Atlantic Coast Line Railroad Co. v. Ganey, Fla.App.1960, 125 So.2d 576.
Appellant’s points six and seven contends that the trial judge committed reversible error in denying defendant’s requested jury instructions eight, nine, fourteen, fifteen, sixteen and eighteen. These requested instructions are not made a part of the record on appeal. We are therefore unable to determine if the court committed reversible error in refusing to give the requested instructions. Cf. Morgan v. Marshall, 78 Fla. 59, 82 So. 609 (1919); Crawford v. State, 86 Fla. 94, 97 So. 288 (1923).
The eighth point directed to the amount of the attorney’s fee allowed pursuant to § 627.0127, Fla.Stat., F.S.A., is also without merit. The trial judge held an evidentiary hearing and heard the testimony of the expert witnesses offered. The amount of the fee is within the range of the expert testimony and is supported by the long and difficult trial, the testimony as to the time expended and the amount involved. City of Miami Beach v. Cummings, Fla.App.1969, 228 So.2d 109.
Affirmed.