KEHOE, Judge.
Appellant, defendant below, brings this appeal from a judgment of conviction and sentence entered by the trial court after she was found guilty by a jury of three counts each of burglary, armed robbery, and kidnapping, and one count each of aggravated assault and aggravated battery. We affirm.
Appellant, in her first point on appeal, contends as follows:
“I. The trial court erred in striking the defense of insanity as a matter of law where the defense of insanity by involuntary intoxication is a legitimate defense and the evidence proffered by appellant raised a reasonable doubt as to her sanity during the commission of the offenses, thus raising a question of fact for the jury.
“A. Temporary insanity caused by involuntary intoxication is a complete defense to a criminal charge.
“B. The trial court erred in failing to submit the issue of insanity to the jury where the evidence proferred by the appellant raised a reasonable doubt as to the appellant’s sanity at the time of the offense.”
The record shows that appellant’s primary defense in the trial court, as also reflected by the above point on appeal, was that she was temporarily insane, at the time of the commission of the offenses for which she was convicted, by reason of involuntary intoxication. However, in our opinion based on the record in this case, it is not necessary for us to discuss the contentions raised in this point on appeal.
The record shows that the trial court instructed the jury, inter alia, as follows:
“Proof that the crime was committed in Dade County need only be with reasonable certainty. It need not be proven beyond a reasonable doubt.
“Voluntary drunkenness or intoxication or impairment of mental faculties by the use of narcotics or other drugs does not excuse nor justify the commission of the crime, but intoxication or impairment of mental faculties by the use of narcotics or other drugs may exist to such an extent that an individual is incapable of forming an intent to commit a crime, thereby rendering such person incapable of committing a crime of which a specific intent is an essential element.
“When the evidence tends to establish impairment of the mental faculties by the use of narcotics or other drugs to this degree, the burden is upon the State to establish beyond a reasonable doubt that the defendant did, in fact, have sufficient use of her normal faculties to be able to form and entertain the intent which is an essential element of the crime in question.
“Drunkenness or impairment of mental faculties by the use of narcotics or other drugs which does not go to the extent of making a person incapable of forming the intent which is an essential element of a crime does not in any degree reduce the gravity of the offense.
“Impairment of mental faculties by the use of narcotics or other drugs arising after the formation of the intent, which is an essential element of the crime and voluntarily induced for purpose of nerv *642 ing the offender to commit a crime already planned does not excuse nor reduce the degree of the crime.
“Partial impairment of the mental faculties by the use of narcotics or other drugs which merely arouses the passions or reduces the power of conscience neither mitigates nor lessens the degree of guilt if the offender still knew right from wrong, the probable consequences of his or her act, and was capable of committing a specific intent to commit the crime.
“The defendant in every criminal case, including this one, is presumed to be innocent until her guilt is established by the evidence to the exclusion of and beyond every reasonable doubt.”
Thus the trial court specifically instructed the jury that appellant could not be convicted of any offense requiring criminal intent, unless the prosecution (appellee) had established beyond a reasonable doubt that she had sufficient use of her normal faculties to form such intent. Subsequently, the jury entered a verdict of guilty on the eleven counts set forth above. Implicit within that rendition was the jury’s determination that appellant was mentally capable of forming the requisite criminal intent. At the time that it made its decision, the jury had before it substantial evidence in regard to appellant’s intoxication. From this evidence, the jury could, as it did, rationally infer that appellant possessed the requisite criminal intent necessary for her convictions. Because of this determination, the manner, i. e., by voluntary or involuntary intoxication, of appellant’s asserted insanity was not a necessary consideration for the jury. Thus, even assuming for the sake of argument that it was error for the trial court to fail to allow appellant to introduce evidence in regard to her insanity by reason of involuntary intoxication or to give the jury instructions requested by her in that regard, because of the jury’s findings that appellant did have- the requisite criminal intent to commit the offenses with which she was charged, it was at most harmless error. See, e. g., Ballard v. State, 31 Fla. 266, 12 So. 865 (1893); Vasquez v. State, 54 Fla. 127, 44 So. 739 (1907); Moore v. State, 83 Fla. 270, 91 So. 180 (1922); and Breen v. State, 84 Fla. 518, 94 So. 383 (1922).
We have carefully reviewed each of the other points raised by appellant on appeal and find them to be without merit. Our review of the entire record in this case leads us to the conclusion that no error was committed which injuriously affected any substantial rights of appellant. Accordingly, the judgment of conviction and sentence appealed are affirmed. See, e. g., Soto v. State, 325 So.2d 414 (Fla. 3d DCA 1976); Blackman v. State, 279 So.2d 99 (Fla. 3d DCA 1973); Matera v. State, 218 So.2d 180 (Fla. 3d DCA 1969); Sylvia v. State, 210 So.2d 286 (Fla. 3d DCA 1968); and § 924.33, Fla.Stat. (1977).
Affirmed.